IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNY FAULK, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:21-cv-1850-MLB |
| v. | ) | |
| | ) | |
| DIMERCO EXPRESS (USA) CORP., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| ______________________________ | ) | |

**<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

COMES NOW, Plaintiff Kenny Faulk ("Plaintiff") and files this Complaint against Defendant Dimerco Express (USA) Corp. ("Defendant"), and shows the following:

## I. Nature of Amended Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

With this action, Plaintiff brings a discrimination claim for damages pursuant to 42 U.S.C. § 1981.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant does business in this district and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia. Plaintiff is African-American/black.

6.

Plaintiff applied for an account executive position with Defendant in 2019.

7.

On or about September 16, 2019, Defendant provided Plaintiff with a formal offer letter for the account executive position.

8.

After offering the position to Plaintiff, Defendant rescinded the offer claiming that the offer had been rescinded because of a misdemeanor disorderly conduct charge from 2014.

9.

Plaintiff was notified that the offer had been rescinded by Defendant's then Director of Human Resources, Renee Howard ("Howard").

10.

Howard was directed to rescind the job offer by Defendant's President, Herbert Liou ("Liou").

11.

After rescinding Plaintiff's job offer, Defendant subsequently hired another white/Caucasian account executive that had more significant criminal charges on his record than Plaintiff.

12.

Howard spoke with Liou and questioned why Defendant was hiring the account executive with a more significant criminal history, and in response Liou explained to Howard that the reason was he only wanted to hire whites and further

justified his position stating that whites could get in the door with customers that minorities could not.

13.

Defendant failed to hire Plaintiff because of his race/color.

**Count I**

**42 U.S.C. § 1981 Race Discrimination**

14.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

15.

Plaintiff is African American and black in color.

16.

42 U.S.C. § 1981 prohibits race discrimination in the making and enforcement of contracts. Defendant was prohibited from not hiring Plaintiff due to his race/color.

17.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 by not hiring Plaintiff because of his race/color.

18.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's race/color, in violation of 42 U.S.C. § 1981.

19.

Defendant treated Plaintiff differently than at least one other employee outside of Plaintiff's protected class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than another employee outside of Plaintiff's protected race class is pretext for unlawful discrimination.

20.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

22.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

23.

Defendant is liable for the damages caused by its discrimination against Plaintiff. **WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted,

This 24th day of June, 2021.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Kenny Faulk

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNY FAULK, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:21-cv-1850-MLB |
| v. | ) | |
| | ) | |
| DIMERCO EXPRESS (USA) CORP., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| ______________________________ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed *Plaintiff's First Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 24th day of June, 2021.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504