## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK, | |
| Plaintiff, | CIVIL ACTION NO: |
| v. | 1:21-cv-01850-MLB |
| DIMERCO EXPRESS (USA) CORP., | |
| Defendant. | |

## <u>AMENDED CONSOLIDATED PROPOSED PRETRIAL ORDER</u>

1.

*There are no motions or other matters pending for consideration by the court except as noted:*

**The parties have filed motions in limine, which are currently pending adjudication by the Court. Plaintiff has also moved for leave to obtain limited discovery related to Defendant's financial condition.**

2.

*All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.*

**Apart from Plaintiff's pending motion for leave to obtain discovery related to Defendant's financial condition, discovery has been completed.**

3.

*Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.*

**There is no dispute as to the correct and complete name of the Parties. There is no question as to the misjoinder or non-joinder of any parties.**

4.

*Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)*

**The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 42 U.S.C. § 1981.**

5.

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

**Plaintiff:**                              **V. Severin Roberts**

**Defendant:**                          **Steven M. Stastny**

6.

*Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.*

**None.**

7.

The captioned case shall be tried:

2

**(X)    to a jury or**

**(___) to the court without a jury, or**

**(___) the right to trial by jury is disputed.**

8.

*State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.*

**The parties do not request that the trial to a jury be bifurcated.  The factual and legal issues relating to Plaintiff's claims are not complicated and there is little to be gained by potentially requiring witnesses to return for a second round of testimony pertaining to damages.**

9.

*Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.*

10.

*Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.*

*Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.*

*The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.*

11.

*State any objections to Plaintiff's voir dire questions:*

**See addenda to Attachment "B-1."**

*State any objections to Defendant's voir dire questions:*

**See addenda to Attachment "B-2."**

12.

*All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).*

**The parties do not request additional peremptory strikes. The parties reserve the right to seek additional strikes from the Court should circumstances arise during *voir dire* or jury selection necessitating additional strikes.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There is no pending related litigation.**

14.

*Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of*

*damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

**See Attachment "C."**

15.

*Attached hereto as Attachment "D" is defendant's outline of the case, which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

**See Attachment "D." There is no counterclaim.**

16.

*Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.*

**See Attachment "E."  The parties reserve the right to offer evidence on any of the stipulated facts.**

17.

*The legal issues to be tried are as follows:*

5

**List of Legal Issues to be Tried:**

**Plaintiff's Submission:**

> (1) Whether Defendant unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981;
>
> (2) If Defendant violated 42 U.S.C. § 1981 by discriminating against Plaintiff, whether Plaintiff has proven damages, and, if so, in what amount(s).

**Defendant's Submission:**

> (1) Whether Plaintiff presents direct evidence of race discrimination under 42 U.S.C. § 1981.
>
> (2) Whether Plaintiff establishes a *prima facie* case of race discrimination under 42 U.S.C. § 1981.
>
> (3) Whether Dimerco articulates a legitimate non-discriminatory reason for the employment decisions it took concerning Plaintiff.
>
> (4) Whether Plaintiff provides specific and substantial evidence to prove beyond a preponderance of the evidence that the reasons offered by Dimerco were pretext.
>
> (5) Whether the Plaintiff proves, by a preponderance of the evidence that the reason offered by Dimerco is pretext for illegal race discrimination.
>
> (6) Whether or not Plaintiff prevails on or establishes respect the foregoing item (1) through (5), or all of them, Plaintiff must prove by a preponderance of the evidence that his race was the but-for reason for Defendant's employment decisions it took concerning Plaintiff.

(7)    **Whether Plaintiff proves by a preponderance of the evidence that he is entitled to back pay damages.**

(8)    **Whether Dimerco succeeds in proving that Plaintiff's back pay damages should be reduced in part or completely because Plaintiff failed to mitigate his damages, or because of an intervening or unrelated interruption to Plaintiff's mitigating employment or Plaintiff's own decisions or actions.**

(9)    **Whether Dimerco succeeds in proving that Plaintiff's claims for back pay damages and other equitable relief are barred completely or in part by the after-acquired evidence rule or doctrine.**

(10)    **Whether Plaintiff proves by a preponderance of the evidence that he is entitled to compensatory damages.**

(11)    **Whether Dimerco succeeds in proving that Plaintiff's compensatory damages should be reduced in part or completely based upon contemporaneous factors not related to the employment decisions Dimerico took concerning Plaintiff.**

(12)    **Whether Plaintiff proves by a preponderance of the evidence that he is entitled to punitive damages under the applicable standard(s).**

(13)    **Whether Dimerco succeeds in proving that Plaintiff's punitive damages should be reduced in part or completely because Dimerco engaged in good faith efforts to implement its policies prohibiting and addressing discrimination.**

(14)    **Whether Dimerco succeeds in proving that Plaintiff's punitive damages should be reduced in part or completely for other reasons including the after-acquired evidence defense.**

18.

*Attached hereto as Attachment "F-1" for the plaintiff and Attachment "F-2" for the defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness's testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.*

**See Attachments "F-1" and "F-2."**

19.

*Attached hereto as Attachment "G-1" for the plaintiff and "G-2" for the defendant are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege,*

*competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.*

**See Attachments "G-1" and "G-2."**

20.

*The following designated portions of the testimony of the persons listed below may be introduced by deposition.  Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.*

**Plaintiff reserves the right to use at trial any depositions taken in this case in accordance with Fed. R. Civ. P. 32 and Fed. R. Evid. 803, 804, 805, 806, or 807.**

**Plaintiff further identifies the following designated portions of deposition testimony to be introduced at trial, and accompanying Exhibits, subject to the Court's rulings on Defendant's objections.**

**<u>Deposition of Herbert Liou</u>**

p. 4:6 -16

p. 5:17 – 6:6

p. 8:1 -10

p. 9:1 – 15

p. 11:4 – 23

p. 11:24 – 13:5; 13:15 - 22; Ex. 1 (Dimerco 90-92)

p. 14:13 – 15:8; Ex. 1 (Dimerco 90-92)

p. 26:13 – 29:15; Ex. 2 (Dimerco 238)

p. 29:16 – 32:12; Ex. 3 (Dimerco 7949-7958)

p. 32:23 – 35:20; Ex. 4 & Ex. 5 (Dimerco 9829-9830; Dimerco 7945)

p. 35:21 – 36:24; Ex. 4 & Ex. 5(Dimerco 9829-9830; Dimerco 7945)

p. 37:6 – 38:21; 39:5-41:21; Ex. 13 (Dimerco 216); Ex. 6 (Dimerco 9919-9921)

p. 41:22 – 42:12; 42:22-43:6; Ex. 6 & 7 (Dimerco 9919-9921; Dimerco 222-231)

p. 43:7 –  44:3; 44:10 - 47:7; Ex. 8 (Dimerco 470-472)

p. 47:12 – 48:5; Ex. 9 (Dimerco 5911)

p. 48:6 – 52:19; Ex. 10 (Dimerco 6614- 6617)

p. 52:20 – 54:23; Ex. 10 (Dimerco 6614)

p. 54:24 – 55:5; Ex. 10 (Dimerco 6614)

p. 55:22 – 25; 56:14 - 25; Ex. 10 (Dimerco 6614)

p. 57:12 – 58:13; Ex. 11 (Dimerco 7922)

p. 58:14 – 58:17; 58:21 – 59:7; 59:13 – 62:24;63:3 - 66:16; Ex. 12 (Dimerco 11156-11163)

p. 66:17 – 67:7; Ex. 12 (Dimerco 11156-11163)

**Deposition of Renee Howard and Accompanying Video**

p. 7:6 - 8:17

p. 8:23 - 16:2

p. 16:3 - 17:11

p. 18:6 – 20:15

p. 20:16 - 24:16; Ex. 1, 2, 3 & 4

p. 24:19 – 26:18; Ex. 5

p. 26:19 – 30:9; Ex. 6

p. 30:14 – 19

p. 30:20 – 36:11; Ex. 7

p. 36:13 – 38:22; Ex. 8

p. 38:23 – 39:22

p. 46:3 – 47:14

p. 55:25 – 57:16

Defendant also reserves the right to use at trial any depositions taken in this case in accordance with Fed. R. Civ. P. 32 and Fed. R. Evid. 803, 804, 805, 806, or 807.

Defendant further identifies the following designated portions of deposition testimony to be introduced at trial, and accompanying Exhibits, subject to the Court's rulings on Plaintiff's objections, if any.

**Deposition of Renee Howard and Accompanying Video**

p. 40:23 – 41:3

p. 41:25 – 42:7

p. 42:15 – 45:5

p. 46:3 – 47:14; Exhibits 7 and 8, if omitted through this witness over

Defendant's objection.

p. 48:2 – 50:11

p. 51:9 – 53:24

p. 54:20 – 55:11

p. 55:12 – 57:9;  Exhibit 6

21.

*Attached hereto as Attachments "H-1" for the plaintiff and "H-2" for the defendant are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.*

**The parties reserve the right to file trial briefs by the date of trial, and subject to the limitations (if any) regarding format and length, as established by the Court.**

22.

*In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury. Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.*

**The parties will submit requests for charge as instructed by the Court.**

23.

*If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.*

**The Parties respectfully request that they be permitted to submit special verdict forms to the Court within 7 days of the pretrial conference.**

24.

*Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.*

**Not applicable.**

25.

*If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.*

**Not applicable.**

26.

*On August 18, 2022, Plaintiff's counsel provided Defendant with several available dates to complete the settlement conference required by LR 16.3. Defendant did not respond to Plaintiff's correspondence. The court () has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:*

| | |
|---|---|
| **_____** | **A good possibility of settlement.** |
| **_____** | **Some possibility of settlement.** |
| **_____** | **Little possibility of settlement.** |
| **__X__** | **No possibility of settlement.** |

27.

*Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.*

**The Court has set this matter for trial, to commence on October 16, 2023.**

28.

The plaintiff estimates that it will require 2 days to present its evidence. Defendant estimates that it will require 2 days to present its evidence. Therefore it is estimated that the total trial time is 4 days.

29.

*IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.*

*IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.*

IT IS SO ORDERED this _____ day of _____, 2023.

_____
HONORABLE MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

**Attachment A**

**Questions to Jurors Regarding Legal Qualifications to Serve**

1. Is there anyone here who is not a citizen of the United States?

2. Is there anyone here who is under eighteen years of age?

3. Is there anyone here who has lived within this judicial district for less than one year?  (Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, and Rockdale counties?)

4. Are you able to read, write, and understand the English language well enough to accurately complete the juror qualification form?

5. Are you able to have a substantive conversation in the English language?

6. Do you have trouble seeing or hearing well? Do you suffer from any injury, disease, disability, or medication side effects that would prevent you from serving on a jury?

7. This trial could take up to seven days. Does that present a special problem for you?

8. Have you read or heard anything about this case?

9. Do any of you have a charge pending against you for the commission of, or have you been convicted in State or Federal Court of a crime punishable by imprisonment for more than one year, and if so, have your civil rights

been restored?

10. Do you know of any reason that you could not pass judgment in a case?

11. Do you know of any reason that you could not apply the rules as they may be stated to you by the Judge?

12. Are you or any members of your immediate family related by blood or marriage to Plaintiff Kenny Faulk?

13. Do you or any members of your immediate family know Plaintiff Kenny Faulk?

14. Are you or any members of your immediate family related by blood or marriage to the owners of Dimerco Express (USA) Corp.?

15. Do you or any members of your immediate family know the owners of Dimerco Express (USA) Corp.?

16. Are you related by blood or marriage to any of the attorneys in this case: Severin Roberts, Chad Shultz, Leslie K. Eason, or Steven M. Stastny?

17. Do you or any members of your immediate family know any of the attorneys in this case: Severin Roberts, Amanda Farahany, Chad Shultz, or Steven Stastny or Cannon Corbitt?

18. Are you, or are any of your blood relatives, presently or in the past, an employee of Dimerco Express (USA) Corp.?

19. Are you, or are any of your blood relatives, presently or in the past, an employee of Livingston International ?

20. Is any prospective juror an officer, employee or former employee of Dimerco Express (USA) Corp., Barrett & Farahany, or Gordon & Rees Scully Mansukhani?

21. Is any prospective juror related by blood or marriage to anyone who currently works or formerly worked for Barrett & Farahany, or Gordon & Rees Scully Mansukhani?

22. Is any prospective juror related by blood or marriage to V. Severin Roberts, or the law firm of Barrett & Farahany?

23. Is any prospective juror related by blood or marriage to Chad Shultz, Canon T. Corbitt, or Steven M. Stastny or anyone else who currently works or formerly worked for the law firm of or Gordon & Rees Scully Mansukhani?

24. Is any prospective juror related by blood or marriage to the following people:

(1)    Kenny Faulk
(2)    Renee Howard
(3)    Herbert Liou
(4)    Anthon Tien
(5)    Sookie Song
(6)    Eric Tsai
(7)    Alexander King
(8)    Paul Chien
(9)    Cathy Chou
(10)   William Kessler
(11)   Catalina Alvarez

24. Do any of you know any of the following people,  how do you know them? Would your knowledge of the witness affect your ability in any way to sit as a juror?

25. Has any juror been represented by any of the attorneys in this case, or have you sought their advice or services?

26. Do you or any member of your family have a business relationship with Dimerco Express (USA) Corp. such that you or a member of your family receives income for services, goods or advice provided by Dimerco Express (USA) Corp..?

**Attachment B-1**

**PLAINTIFF'S PROSPECTIVE VOIR DIRE**

Plaintiff includes two (2) sets of questions. The first set are general questions which Plaintiff proposes the Court include in a written questionnaire. The second are questions which Plaintiff submits to ask the jury panel directly.

**QUESTIONS WHICH PLAINTIFF WISHES TO BE PROPOUNDED TO JURORS ON WRITTEN EXAMINATION**

The questions which Plaintiff requests that the Court propound to the jurors on written examination include the following:

1. Please state your full name.

2. Where do you live? How long have you lived there? With whom do you live?

3. What is your date of birth?

4. What is your marital status?

5. What is your spouse's name? Children's names and ages?

6. What is your occupation?

7. What is your spouse's occupation?

8. What is your highest level of education?

9. What is your spouse's highest level of education?

10. Have you or a family member ever sued anyone? If so, please provide details.

11. Have you or a family member ever been sued? If so, please provide details.

12. Are you involved in any civic or volunteer organizations? If so, please tell us about them.

13. Do you have any training in the following:

    a. Human resources;

    b. Law or the legal field; and/or

    c. Office work, for example secretarial, data entry, and or human resources.

14. How would you describe your political leanings:

    a. Very conservative;

    b. Conservative;

    c. Moderate;

    d. Liberal;

    e. Very Liberal;

    f. Other;

    g. Prefer not to answer

15. Have you or a family member ever thought you had good reason to sue, but decided against it?

16. Have you or a family member had any training or education regarding equal employment opportunity policies?

17. Have you or a family member had any training or education regarding privacy policies?

18. Have you or a family member developed policies in the workplace, or been required to implement policies in the workplace?

19. Do you own your own business, or have you owned your own business in the past?

20. What news stations do you watch on TV, if any?

21. Do you listen to any talk radio shows? Which shows do you listen to?

22. Do you get news from the Internet? Which websites do you visit most often for the news?

## <u>PLAINTIFF'S GENERAL VOIR DIRE QUESTIONS</u>

The questions which Plaintiff seeks to directly propound to the jury panel are as follows:

1. Has anybody here heard about the Civil Rights Act, and specifically Section 1981 of the Civil Rights Act? What have you heard about it?

2. What are your thoughts on the general expectations an employer should have of an employee in the workplace?

3. What are your thoughts on the general expectations an employee should have of their employer in the workplace?

4. Has anyone heard of the phrase at-will employment? What is your understanding of the meaning of the term at-will employment? If an employer can terminate an employee for any reason, does that mean they terminate someone because they're black, or a man, or a woman, or a particular religion?

5. We have at-will employment laws that allow an employee to quit at any time they want, and allow an employer to fire someone at any time for any reason, right? We also have laws that say an employer cannot discriminate against an employee based on their race, religion, gender, disability age. Do you have any thoughts on how the anti-discrimination laws affect the

at-will employment laws? Does one supersede the other?

6. If an employer has a company policy that prohibits discrimination in the workplace, who is responsible for enforcing said policy?

7. Do think that race-based discrimination in the workplace today is worse now than twenty (20) years ago? Better? Or the same?

8.  How do you identify in terms of race? Based on your background and heritage, you have the fight to not be discriminated against because of your heritage, correct? On a scale of 1 to 10, how important is that right to not be discriminated against because of your heritage to you? 1 being not very important, 10 being the most important?

9. Is there anything in your background or experience that could make you find for or against a private company just because you would not want to hurt the owner or employees of the company?

10.  Have you previously served on a jury in either state or federal court? If so, please tell us the type of case, and whether the jury reached a verdict.

11.  If you have previously served on a jury, were you satisfied with your jury service?

12.  Some people believe there are too many frivolous lawsuits, with people trying to get rich off of a corporation or the government. Others believe

that lawsuits and courts are necessary because it's the only place where an individual can stand up to powerful corporations or government agencies. Which view are you a little closer to? Why?

13.  Many people are concerned with what they call "tort reform": too many lawsuits, big verdicts, runaway juries, greedy lawyers all driving up prices and driving away jobs. As a result, some people think that the court system needs changes. Others think things are okay as they are. Which view are you a little closer to?  Why?

14.  Does any member of the panel believe that the civil justice system should be changed to limit the ability of employees to bring claims against their employers?

15.  Does any member of the panel belong to any organization which favors changing the law in order to limit a victim's rights to recover?

16.  Is there any member of the panel who would start this trial with even the slightest negative feelings about Plaintiff and his case, for any reason at all?

17.  This is a case in which money damages are sought as compensation for discrimination against an employee. Do you have any disagreement whatsoever with our system of justice which provides that disputes such

as this should be brought before a jury of people such as yourself for resolution?

18.   Some people feel that a Plaintiff should not come to court asking a jury to compensate them for the damages they allege to have suffered. Others feel that it is appropriate. Are you closer, even a little bit, to the group that feels that a Plaintiff should not come to court asking a jury to award an amount of money for damages?  Why?

19.   Some people have trouble allowing money in their verdicts for things like emotional distress or mental anguish. Others are okay with it. Which are you a little closer to? Why?

20.   What problems, even small ones, might you have with including money in a verdict for someone's pain and suffering where that person did not lose any money?

21.   Some folks have some philosophical, moral or other reasons for not allowing money for pain or suffering. Others are okay with it. Which are you closer to?  Why?

22.   Some people feel that most people will exaggerate their pain to get more money from a jury. Others don't think so. Which are you closer to? Why?

23.   Under what circumstances would you think it is appropriate to require a

company or government agency to pay money as punishment or to deter

wrongdoing – instead of just to compensate someone for the harm they've

experienced?

24.  Plaintiff is seeking damages in a significant amount. If you believe from

the evidence presented and the law as given you in the charges by the Court

that Plaintiff is entitled to recover such amount, please raise your hand if

you would have any hesitation whatsoever about awarding a significant

amount of damages.

25.  How do you feel about whether there should be upper or lower limits on

the amount of money jurors should be allowed to give?

26.  At the end of this trial, if you think it will take just $50 to make up for

what happened here – but if you know that the Plaintiff wants much more

than $50 – what trouble would you have ignoring what the Plaintiff wants

and deciding on a verdict of only fifty dollars, if that's what you think is

fair, in spite of feeling sorry for the Plaintiff?

27.  Now here's the other side of that question. If you decide it will take, say,

twenty-five million dollars to make up for what happened to the Plaintiff,

what trouble would you have – even a little – in deciding on a verdict like

that if you thought it was fair, in spite of feeling sorry for the Defendants,

who'll want it to be much less?

28.  Responsibility means paying enough money compensation to fully equal the losses and level of harm – without putting anything into the scale except those losses and harms. That's the law. Who here thinks they might have trouble, even a little, keeping things off the scale that don't belong there?

29.  Have any of you or any of your relatives or close personal friends ever experienced discrimination in the workplace? Tell us about it.

30.  Has anyone here ever been accused of something they didn't do? Tell us about it.

31.  Has anyone here been punished or subjected to discipline for something that you believed others were allowed to get away with?  Tell us about it.

32.  How many of you have ever filed a charge of discrimination against any employer with any state or federal agency like the United States Equal Employment Opportunity Commission, or with any court?

33.  How many of you have ever wanted to but did not file a charge of discrimination against any employer with any state or federal agency like the United States Equal Employment Opportunity Commission, or with any court?

34. Have you, any relative or close personal friend ever been accused of committing acts of discrimination in the workplace?

35. If your answer to the previous question is yes, did you feel the person that made the accusation was justified?

36. In trials like this, jurors decide which side wins on the basis of whether they believe my client's side is more likely right than wrong. Some people think "more likely right than wrong" is not a fair standard because they feel it means my client's side doesn't have to actually prove anything. Others think it's ok. Are you a little closer to those who have a problem with this standard or those who think it's okay?  Why?

37. At the end of the trial, Judge Brown will explain that, if you decide my client wins, you are required to decide what amount of money is appropriate based on whether the evidence shows my client's damages claims are "more likely right than wrong". You can have doubts on both sides, but when you weigh them all, if you think we're more likely right than wrong, you have to award damages accordingly. What trouble would you have, even a little, making your decisions on the basis of whether we're more likely right than wrong?

38. As jurors, you have certain rights. For instance, you have the right to hear

all the evidence in order to make a correct decision. If you cannot hear any of the evidence, would any of you have a problem raising your hand and asking the judge, "Your Honor, I did not hear what that witness said. Could you ask him to repeat it?"

39. You also have the right to know and make sure that each of your other jurors knows and is following the law. So, if during deliberations, anyone is refusing to follow the law, will you all be comfortable asking your foreperson to knock on the door and tell the bailiff you need the judge to come talk to a juror who won't follow the law?

40. Can we count on you yourself to stay strictly within the law when you're making your decisions, so we won't get into that situation?

41. Finally, in order to award damages, you only need to determine whether it is more likely than not that the damages that the Plaintiff has asserted is the correct amount. Please raise your hand if you would need more proof than that to award money to the Plaintiff.

**<u>Defendant's objections (if any) to Plaintiff's *Voir Dire* Questions</u>**

*The Parties respectfully request to be permitted to file any objections to *voir dire*

no later than seven (7) days before the pretrial conference.

## **Attachment B-1**

## **DEFENDANT'S PROSPECTIVE VOIR DIRE**

With the exception of Items 15 and 17, Defendant adopts the proposed questions to be posed to potential jurors, <u>if the court allows a written questionnaire</u>, and proposes these additional questions:

1.      Do you or your household subscribe to any newspapers, magazines or any other periodicals? If so, which ones?

2.      Do you have any bumper stickers or tag frames or specialty tags on your or your household's vehicles? If so, which ones, and what do they say?

3.      Have you ever been in charge of or involved in hiring new employees or promoting existing employees?


<u>Questions that Defendant Wishes to be Propounded to the Jurors on Voir Dire Examination</u>

1.      If not presently employed:

     a.      What was your most recent job?

     b.      Who was your employer?

     c.      What caused your separation from this employer?

2.     Have you, any family members, or any close friends ever been employees of a company <u>not</u> headquartered in the United States?

3.     Have you, any family members, or any close friends ever been employees of Dimerco?

4.     Do you know anyone who has been employed by a cargo or freight forwarding company?

5.     Have you, any family members, or any close friends ever been a party in any prior lawsuits (other than related to traffic violations or a domestic relations matter)?

6.     Have you, any family members, or any close friends ever been accused or charged with domestic violence?

7.     Have you, any family members, or any close friends ever filed any claims or complaints against an employer with any government agency?

8.     Have you, any family members, or any close friends ever filed any claims or complaints against an employer with a court?

9.     Have you, any family members, or any close friends ever been terminated from your or their employment?

10.    Have you, a relative, or a close friend ever been accused of treating an employee or coworker unfairly?

11.    Have you, a relative, or a close friend ever lost a job in a situation that you, or your relative, or friend, thought was unfair?

12.    Have you, any family members, or any close friends ever had to look for a new job?

13.    Have you, any family members, or any close friends ever been the victim of race discrimination?

14.    Have you, any family members, or any close friends ever been the victim of discrimination at your job?

15.    Have you ever supervised other employees?

16.    Have you ever been involved in interviewing candidates for employment?

17.    Have you ever been involved in hiring?

18.    Are you familiar with, or ever dealt with background checks or reports?

19.    Have you, any family members, or any close friends ever been accused of misrepresentation on a job application?

20.    If someone admits to making misrepresentations on their employment application, would you be less likely to believe him or her?

21.    If a witness in this lawsuit exercises his or her Fifth Amendment right against self-incrimination in this trial, would you be less likely to believe him or her?

22.    If a witness in this lawsuit lied to his or her attorney in an attempt to obtain money, would you be less likely to believe him or her?

23.    If a witness is not a native English speaker or speaks in "broken" English, would that, in and of itself, cause you to be less likely to believe him or her?

24.    Have you, any family members, or any close friends ever complained about discrimination at your or their job?

25.    Do any of you believe that the mere fact that an employee sues a former employer means the employer must have done something wrong?

26.    When do you think it is appropriate for an employee to file a lawsuit against a former employer?

27.    Would you have a tendency to pay a plaintiff money damages because you believe that the company he or she is suing can afford to pay him?

28.    Do you or any member of your family have any legal training or experience?

29.    Do you, a relative, or a close friend have any personnel or human resources experience or training?

30.    Do any of you have any reason why you do not want to be here today, or why you do not want to serve on this jury?

31.     Is there anything going on in your lives right now that would keep any of you from paying careful attention to the courtroom proceedings or participating in jury deliberations in this case?

32.     Is there anything you know about this case that you think would prevent you from being impartial?

33.     At the close of the case, the Judge will instruct you on the law.  We expect him to instruct you that business entities, like my client, are treated no differently than individuals in the eyes of the law.  Are each of you prepared to follow the Judge's instructions and treat my client no differently because it happens to be a business entity, and not an individual person?

34.     This is a court of law and the Judge will instruct you on the law after you have heard the evidence.  Can you put aside your emotions and sympathy and apply the law described to you based on the evidence presented in this trial?

Defendant Dimerco requests appropriate follow-up to the above questions.

**<u>Plaintiff's Objections (if any) to Defendant's <i>Voir Dire</i> Questions</u>**

*The Parties respectfully request to be permitted to file any objections to *voir dire* no later than seven (7) days before the pretrial conference.

**Attachment C**

**PLAINTIFF'S OUTLINE OF THE CASE**

On September 16, 2019, Defendant provided Plaintiff with a formal offer letter for an account executive position. After offering the position to Plaintiff, Defendant rescinded the offer claiming that the offer had been rescinded because of a misdemeanor disorderly conduct charge from 2014. Plaintiff was notified that the offer had been rescinded by Defendant's then Human Resources Manager, Renee Howard ("Howard"). Howard was directed to rescind the job offer by Defendant's President of U.S. Operations, Herbert Liou ("Liou").

After rescinding Plaintiff's job offer, Defendant subsequently hired another white/Caucasian account executive that had more significant criminal charges on his record than Plaintiff.

Howard spoke with Liou and questioned why Defendant was hiring the account executive with a more significant criminal history, and in response Liou explained to Howard that the reason was he only wanted to hire whites and further justified his position stating that whites could get in the door with customers that minorities could not.  Plaintiff is pursuing to trial on a failure to hire claim against Defendant, pursuant to 42 U.S.C. § 1981.

**Legal Basis for Duty Relied Upon by Plaintiff**

42 U.S.C. § 1981: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to . . . the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**Items of Damages**

**Back Pay – Availability has been determined judicially, and pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 2000e-5(g)**: Plaintiff seeks back-pay for the period of time commencing September 16, 2019, and concluding August 9, 2022. In total, Plaintiff seeks back-pay in the amount of $168,734.47.

**Compensatory Damages – Availability has been determined judicially and pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1981a**: In an amount to be determined by the enlightened conscience of the jury to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**Punitive Damages – Availability has been determined judicially and pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1981a**: In an amount to be determined by the jury.

**Attorney Fees and Costs - Availability has been determined judicially and pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1981a; 42 U.S.C. §1988(b)**: In an amount to be determined at such time is judgment is entered in this action.

**Prejudgment Interest - Availability has been determined judicially and pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1981a; 42 U.S.C. § 2000e-5(g)**: Prejudgment interest in an amount to be determined based on the amount of prejudgment interest due at the time of entry of judgment in this action.

**Attachment D**

**DEFENDANT'S OUTLINE OF THE CASE**

This lawsuit involves the rescission of a conditional offer of employment made to Plaintiff by Dimerico. Plaintiff applied for, was interviewed, negotiated a compensation package, and was offered employment by Dimerco to be an Account Executive for Dimerco in Atlanta. The offer of employment, by its written terms, was conditioned upon the satisfactory completion and return of a criminal background check.

Plaintiff consented to the criminal background check which was conducted by ADP. Plaintiff's ADP report listed Plaintiff's guilty plea to a charge of disorderly conduct in 2014. Plaintiff was sentenced to one (1) year probation. A Dimerico legal department employee in Chicago obtained and circulated a printout from Fulton County criminal court records indicating the disorderly conduct plea and that Plaintiff was bonded out for original charges of Aggravated Assault (identified as AGG ASSAULT) for $5,000.

In accordance with the Fair Credit Reporting Act (FCRA) and other laws, Dimerico, through Ms. Howard, rescinded Plaintiff's offer of employment allowing Plaintiff five (5) days to contact the company to explain the charges and instructions on how to dispute the listed charges with ADP. Plaintiff never did contact Dimerco

to explain the charges, nor to Dimerco's knowledge, did Plaintiff dispute the charges with ADP. To the extent that Plaintiff discussed the ADP report, the  and the underlying plea with Ms. Howard, such inquiry or response was not communicated to anyone else at Dimerco.

## A.      General, Special and Affirmative Defenses

1. Dimerco denies that it discriminated against Plaintiff on the basis of his race, black, or otherwise, nor can Plaintiff prove the same.

2. Plaintiff has not and cannot establish direct evidence of discrimination, nor can he prove that Dimerco discriminated against him under the circumstantial evidence rubric. More specifically, and without limitation, Plaintiff has not and cannot present a legally sufficient comparator outside of his protected class who was treated more favorably than him.

3. Plaintiff cannot prove that his race was the "but-for" reason for the actions or decisions Dimerco made or took with respect to Plaintiff.

4. Any claim that Plaintiff may have for back pay is barred or due to be limited by the after-acquired evidence rule or doctrine based upon his written and verbal misrepresentations on his Dimerco employment application and in the application and interview process. More specifically, upon his application to Dimerco, Plaintiff represented in writing that he was currently employed by

the company Livingston International (Livingston). After receiving records produced by Livingston International under a Rule 45 subpoena on August 2, 2022, Dimerco discovered that Plaintiff was not currently employed by Livingston upon his application to Dimerco.  Livingston's records indicated that Plaintiff abandoned his job on or about the time of a scheduled business trip to Toronto because of his own illness and/or the illness of his mother. Plaintiff engaged an attorney, Catalina Alvarez, to make written demand on Livingston for severance citing these health reasons. However, during Plaintiff's deposition on August 15, 2022, he revealed that this explanation was not true.  Plaintiff testified that he was "pulled off" a commercial aircraft while connecting in Charlotte, North Carolina for his flight to Toronto. Plaintiff's Mecklenburg County, North Carolina arrest records indicate that Plaintiff was a fugitive from another state and due to be extradited. Upon his return to Atlanta, Plaintiff was booked for the following charges indicating an "offense date" of 6/30/2019:

Booking #: 1914378     Fulton County Sheriff's Office
Facility:        Booked: 07/25/2019    Released: 08/10/2019
       FAULK, KENNY SHORONE     Black  Male  6' 3"   235 lbs
       Faulk, Kenny        Black
       P01055981         Brown
       Atlanta, GA 30313-1390

| Warrant # | Charge | Issuing Auth | Offense Date | Bond/Type | Fine/Crt Costs | Disposition |
|---|---|---|---|---|---|---|
| EW-0271657 | Rape | | 06/30/2019 | 25,000.00 Surety Bond | | Surety Bond |
| EW-0271659 | Battery - Family Violence (1St Offense) Misd | | 06/30/2019 | 10,000.00 Surety Bond | | Surety Bond |

```
EW-        Aggravated Assault        06/30/2019  5,000.00              Surety Bond
0271658    Strangulation                         Surety
                                                 Bond
```

Plaintiff spent some sixteen (16) days in the Fulton County jail until he (surety) bonded out for the apparent aggregate amount of $40,000. After Plaintiff was released from jail on August 10, 2019, he made application to Dimerco. His first prospective employment contact with Dimerco was some two weeks later, on August 23, 2019. Based upon information and belief, these charges remain pending and Plaintiff is remains out on bail and the criminal suit is to be set for trial.

6. Notwithstanding the foregoing, Plaintiff's claims for back pay are limited and Plaintiff has not and cannot claim or measure back pay from the rescission of his conditional employment offer from Dimerco. Quite simply, Plaintiff was unemployed when he applied to Dimerco and remained unemployed when Dimerco rescinded his conditional offer of employment. Plaintiff did not interview with, nor was he offered (or declined) any other employment while in the process of applying to or interviewing with Dimerco. Plaintiff's subsequent and partially mitigating employment ended for an intervening and unrelated reason, the CoVid-19 pandemic. Later, Plaintiff, who holds a Bachelor's degree and an MBA, and who (purportedly) worked for UPS and then Livingston, decided to pursue a career as an over-the-road truck driver.

As such, any mitigating wage differential cannot be measured from the offered Dimerco salary package due to the fact that Plaintiff never held the Dimerco position. Further, Plaintiff's own decision not to pursue employment commensurate with his credentials and industry-related work history should not operate to enrich Plaintiff at Dimerco's expense.

**B.** **Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law**

**Statute:**

42 U.S.C §1981.

**Illustrative Case Law:**

*Thomas v. Norfolk Southern Railway* Inc., 2022 WL 907883 (N. D. Ala. 2022). Plaintiff asserted a §1981 termination claim against his former employer. When claims are based upon circumstantial evidence, "[C]ourts routinely apply the burden-shifting framework set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate whether the plaintiff has presented sufficient evidence to proceed to trial. . . . [T]he Supreme Court's more recent decision in *Comcast Corp. v. National Ass'n of African American-Owned Media* _____ U.S. _____, 140 S, Ct, 1009, 206 L.Ed.2d. 356 (2020) makes clear that, to succeed on a §1981 claim, the plaintiff 'bears the burden of showing that race was a but-for cause of [his] injury' as opposed to showing that race was a motivating factor in the decision. 140 S. Ct. at 1014."

*Lewis v. City of Union City*, 918 F.3d 1213, 1228 (11th Cir. 2019) (*en banc*). "[A] valid comparator will turn not on formal labels, but rather on substantive likeness. . . . While the precise 'similarity' is 'to be worked out on a case-by-case basis,' a similarly-situated comparator 'will have engaged in the same basic conduct (or misconduct) as the plaintiff;' 'will have been subject to the same employment policy;' 'will ordinarily (although not invariably) have been under the jurisdiction of the same supervisor;' and "will share the plaintiff's employment or disciplinary

history." *Id.* at 1227-28.

    *Wallace v. Dunn Const., Co., Inc.* 62 F3d. 374, 378 (11th Cir, 1995) If, during litigation, an employer learns that a plaintiff committed acts that would have justified termination, the employer can raise an after-acquired evidence defense. The defense serves to cut off back-pay as of the time of the employer's discovery of the act, as well as reinstatement (or instatement) and front pay.

**Attachment E**

**Stipulated Facts**

1.  Defendant is an entity subject to 42 U.S.C. § 1981.

2.  Plaintiff is African-American citizen of the United States and is a member of a protected class for purposes of his 42 U.S.C. § 1981 claim.

3.  Plaintiff applied for an account executive position with Dimerco in Atlanta, Georgia. On September 16, 2019, Defendant provided Plaintiff a conditional offer of employment for the account executive position, which was later rescinded by Defendant.

4.  Mr. Faulk filed this lawsuit against Dimerco within the permissible time under the law.

5.  The Dimerco Account Executive position was the same job nationwide at all times relevant to this case.

6. For purposes of Plaintiff's prima facie case, Plaintiff met the minimum job qualifications for the Account Executive position he was offered.

The parties further note that they have stipulated, in accordance with FRE 901, to the authenticity of the emails produced by Defendant during discovery. In other words, the parties stipulate that such emails were sent by the senders identified on those emails at the times identified on same, and they were transmitted to the

recipients identified on those emails at the times identified on such emails. The parties have further stipulated that the deposition testimony proffered by either party is duly sworn.

## **Attachment F-1**

The following is a list of the fact witnesses that Plaintiff will have present at trial:

| Witness | Address |
|---------|---------|
| Kenny Faulk | c/o Plaintiff's counsel, Barrett & Farahany |

The following is a list of the fact witnesses that Plaintiff may have present at trial:

| Witness | Address |
|---------|---------|
| Sookie Song | c/o Defendant's counsel |
| Herbert Liou | Via Deposition |
| Cathy Chou | |
| Custodian of Records | Withdrawn based on stipulation of the parties as to authenticity of emails produced by Defendant. |
| Renee Howard | Via Deposition |
| William Kessler | |
| Tanner Thibodeaux | |
| Eric Tsai | To be produced by Defendant per agreement of counsel. |
| | |

**Attachment F-2**

The following is a list of the fact witnesses that Defendant will have present at trial:

| Witness | Address |
|---------|---------|
| Sookie Song | c/o Defendant's counsel |

The following is a list of the fact witnesses that Defendant may have present at trial:

| Witness | Address |
|---------|---------|
| William Kessler | c/o Defendant's counsel |
| Eric Tsai | c/o Defendant's counsel |
| Herbert Liou | 15902 Shobach Lane, Huntington Beach, CA (714) 702-0745 (VIA Deposition) |
| Adam Jones | Livingston International, (404) 363-9308 ajones@livingstonintl.com (or records witness) |
| Catalina Alvarez | 100 Crescent Center Parkway, Ste. 950 Tucker, GA 30084 (404) 233-1222 cataalvarez@hotmail.com |
| Representatives of UPS | (records witness) |
| Cathy Chou | c/o Defendant's counsel |
| Records Custodians | Needed to authenticate any document or record (whether personal, business or public) for admission into evidence at trial. |

## **Attachment G-1**

## **PLAINTIFF'S EXHIBIT LIST**

| Trial Ex. # | Bates Start | Bates End | Description | Admi | Deny |
|---|---|---|---|---|---|
| 1. | | | Howard Declaration (Ex. 1 to Howard Deposition) | | |
| 2. | DIMERCO90 | DIMERCO92 | Conditional Offer Letter to Kenny Faulk (Ex. 2 to Howard Deposition; Ex. 1 to Liou Deposition) | | |
| 3. | DIMERCO9829 | DIMERCO9830 | September 27, 2019 Email from Liou to Song, Howard, and Chou (Ex. 3 to Howard Deposition; Ex. 4 to Liou Deposition) | | |
| 4. | DIMERCO7945 | DIMERCO7945 | September 27, 2019 Email from Howard to Faulk (Ex. 4 to Howard Deposition; Ex. 5 to Liou Deposition) | | |
| 5. | DIMERCO470 | DIMERCO472 | November 14, 2019 Correspondence between Liou, Howard, and Tsai (Ex. 5 to Howard Deposition; Ex. 8 to Liou Deposition; Ex. 5 to Tsai Deposition) | | |
| 6. | FAULK00001 | FAULK00006 | February 2020 Powerpoint Presentation for HR Management Meeting (Ex. 6 to Howard Deposition) | | |
| 7. | FAULK00016 | FAULK00017 | Howard Emails delivering February 2020 PowerPoint Presentation for HR Management Meeting (Ex. 6 to Howard Deposition) | | |
| 8. | DIMERCO6614 | DIMERCO6617 | January 2020 Email Correspondence Between Liou and Howard (Ex. 7 to Howard Deposition) | | |
| 9. | DIMERCO11156 | DIMERCO11163 | April 2018 Email Correspondence Between Liou and Paul Chien (Ex. 8 to Howard Deposition; Ex. 11 to Liou Deposition) | | |
| 10. | DIMERCO238 | | Email Correspondence Re Kenny Faulk Background Report (Ex. 2 to Liou Deposition) | | |
| 11. | DIMERCO7949 | DIMERCO7958 | ADP Background Report for Kenny Faulk (Ex. 3 to Liou Deposition) | | |
| 12. | DIMERCO9919 | DIMERCO9921 | November 8, 2019 Conditional Offer Letter to Tanner Thibodeaux (Ex. 6 to Liou Deposition) | | |
| 13. | DIMERCO222 | DIMERCO000231 | ADP Background Report for Tanner Thibodeaux (Ex. 7 to Liou Deposition; Ex. 3 to Tsai Deposition) | | |
| 14. | DIMERCO470 | DIMERCO472 | November 14th Correspondence between Liou, Howard, and Tsai (Ex. 8 to Liou Deposition) | | |
| 15. | DIMERCO5911 | DIMERCO5911 | January 8, 2020 Email Correspondence from Howard to Liou (Ex 9. To Liou Deposition) | | |

| | | | | | |
|---|---|---|---|---|---|
| 16. | DIMERCO6614 | DIMERCO6617 | January 2020 Email Correspondence Between Liou and Howard (Ex. 10 to Liou Deposition) | | |
| 17. | DIMERCO7922 | DIMERCO7922 | June 11, 2019 Email from Liou to Shawn Teng (Ex. 11 to Liou Deposition) | | |
| 18. | DIMERCO216 | DIMERCO216 | November 5, 2019 Email Correspondence from Howard to Liou and Eric Tsai (Ex. 13 to Liou Deposition; Ex. 1 to Tsai Deposition) | | |
| 19. | DIMERCO217 | DIMERCO217 | November 8, 2019 Email between Tsai, Howard, and Thibodeaux (Ex. 2 to Tsai Deposition) | | |
| 20. | DIMERCO219 | DIMERCO219 | Story of Tanner Thibodeaux Conviction (Ex. 4 to Tsai Deposition) | | |
| 21. | DIMERCO551 | DIMERCO551 | Emails Re: Texas Sales Candidate | | |
| 22. | DIMERCO76 | DIMERCO77 | Emails Re: Acc. Executive Candidate | | |
| 23. | DIMERCO442 | DIMERCO443 | Emails Re: Sales Recruiting | | |
| 24. | DIMERCO505 | DIMERCO510 | Emails Re: Account Executive Candidate | | |
| 25. | DIMERCO546 | DIMERCO546 | Tsai Review of Thibodeux | | |
| 26. | DIMERCO637 | DIMERCO637 | Emails Re: Hiring Suspension and Directions | | |
| 27. | DIMERCO642 | DIMERCO645 | Emails Re: NARHR hiring status analysis | | |
| 28. | DIMERCO659 | DIMERCO659 | Excel Spreadsheet of Candidate Hiring Process | | |
| 29. | DIMERCO1186 | DIMERCO1187 | Emails Re: Forward Account Executive/Business Developer Texas – Candidate | | |
| 30. | DIMERCO1216 | DIMERCO1222 | Emails Re: Tanner T. Hiring | | |
| 31. | DIMERCO1433 | DIMERCO1433 | Emails Re: FW: Dimerco Express US – TX Interview | | |
| 32. | DIMERCO1459 | DIMERCO1461 | Emails Re: Atlanta Position | | |
| 33. | DIMERCO1787 | DIMERCO1790 | Emails Re: Atlanta Sales Candidate | | |
| 34. | DIMERCO1875 | DIMERCO1877 | Emails Re: FW: BDM Candidate | | |
| 35. | DIMERCO1907 | DIMERCO1908 | Email Re: Offer letter revised | | |
| 36. | DIMERCO1918 | DIMERCO1918 | Email Re: Recruitment & Interview | | |
| 37. | DIMERCO1921 | DIMERCO1921 | Emails Re: Sabrina Hofmeister | | |
| 38. | DIMERCO1930 | DIMERCO1931 | Emails Re: Sabrina Hofmeister | | |
| 39. | DIMERCO1936 | DIMERCO1939 | Emails Re: VP of Sales Candidate | | |
| 40. | DIMERCO1998 | DIMERCO2000 | Email Re: NAR BDM Atl | | |
| 41. | DIMERCO2059 | DIMERCO2060 | Email Re: ATL Candidate | | |
| 42. | DIMERCO2081 | DIMERCO2082 | Emails Re; Resignation of Mr. Anthony Tien | | |
| 43. | DIMERCO2327 | DIMERCO2330 | Emails Re; Yuliya Panayotova | | |
| 44. | DIMERCO2423 | DIMERCO2423 | Email Re; New Sales | | |
| 45. | DIMERCO2437 | DIMERCO2437 | Emails Re: Recruiting Process | | |
| 46. | DIMERCO2526 | DIMERCO2530 | Emails Re: Derek | | |
| 47. | DIMERCO2537 | DIMERCO2538 | Emails Re: ATL Candidate | | |

| | | | | | |
|---|---|---|---|---|---|
| 48. | DIMERCO2593 | DIMERCO2599 | Emails Re: Derek | | |
| 49. | DIMERCO4886 | DIMERCO4889 | Emails Re: ORD Cand | | |
| 50. | DIMERCO4989 | DIMERCO4992 | Email Re: Meeting Minutes | | |
| 51. | DIMERCO5757 | DIMERCO5757 | Emails Re: hiring candidate | | |
| 52. | DIMERCO6045 | DIMERCO6048 | Emails Re: Employee Rights | | |
| 53. | DIMERCO6133 | DIMERCO6136 | Emails Re: Employee Rights | | |
| 54. | DIMERCO6318 | DIMERCO6318 | Emails Re: Employee Rights | | |
| 55. | DIMERCO6688 | DIMERCO6692 | Emails Re: ATL Draft Offer Letter | | |
| 56. | DIMERCO6697 | DIMERCO6698 | Emails Re: Offer Letter Final | | |
| 57. | DIMERCO6764 | DIMERCO6768 | Emails Re: Regional Sales Candidate - Mike Salvgani | | |
| 58. | DIMERCO7227 | DIMERCO7231 | Emails Re: NAR Business Development Manager | | |
| 59. | DIMERCO7448 | DIMERCO7449 | Emails Re: Interview Summary | | |
| 60. | DIMERCO7508 | DIMERCO7511 | Emails Re: NAR Recruitment | | |
| 61. | DIMERCO7574 | DIMERCO7581 | Emails Re: Recruiting Proposal Extension | | |
| 62. | DIMERCO7922 | DIMERCO7922 | Emails Re: DIMUS 2019 Major Tasks | | |
| 63. | DIMERCO7961 | DIMERCO7962 | Emails Re: ATL Account Executive | | |
| 64. | DIMERCO8066 | DIMERCO8072 | Criminal Background Report | | |
| 65. | DIMERCO7887 | DIMERCO7890 | Emails Re: Management Sales | | |
| 66. | DIMERCO8217 | DIMERCO8222 | Emails Re: Recruitment meeting minutes | | |
| 67. | DIMERCO8886 | DIMERCO8889 | Emails Re: Recruiting Proposal Extension | | |
| 68. | DIMERCO9786 | DIMERCO9793 | Emails Re: ATL Account Executive Candidate | | |
| 69. | DIMERCO12629 | DIMERCO12629 | Emails Re: Resume | | |
| 70. | DIMERCO000367 | DIMERCO000372 | First NAR PowerPoint | | |
| 71. | DIMERCO000374 | DIMERCO000380 | Second NAR PowerPoint | | |
| 72. | DIMERCO 000001 | DIMERCO 000046 | Insurance Policy | | |
| 73. | DIMERCO 000047 | DIMERCO000138 | Kenny Faulk personnel file | | |
| 74. | DIMERCO000184 | DIMERCO000189 | Kenny Faulk background check | | |
| 75. | DIMERCO000190 | DIMERCO000197 | Job applicant information | | |
| 76. | DIMERCO000198 | DIMERCO000199 | Non-disclosure and security agreement | | |
| 77. | DIMERCO000200 | DIMERCO000201 | Sales incentive program | | |
| 78. | DIMERCO000202 | DIMERCO000205 | Emails re: 2019 2nd NAR Management Meeting | | |
| 79. | DIMERCO000206 | DIMERCO000206 | Dimerco Benefits | | |
| 80. | DIMERCO000207 | DIMERCO000209 | Emails re: Atlanta Account Executive Offer | | |
| 81. | DIMERCO000210 | DIMERCO000212 | Emails re: Peter Helfin Resume | | |
| 82. | DIMERCO000213 | DIMERCO000231 | Emails re: Tanner Thibodeaux | | |
| 83. | DIMERCO000232 | DIMERCO000245 | Emails re: Kenny Faulk background check | | |
| 84. | DIMERCO000246 | DIMERCO000249 | Emails re: Atlanta Account Executive Offer | | |
| 85. | DIMERCO000250 | DIMERCO000254 | Emails re: ATL Draft Offer Letter | | |
| 86. | DIMERCO000255 | DIMERCO000267 | Emails re: Kenny Faulk | | |
| 87. | DIMERCO000268 | DIMERCO000278 | Emails re: Peter Heflin | | |

| | | | | | |
|---|---|---|---|---|---|
| 88. | DIMERCO000279 | DIMERCO000290 | Emails re: Kenny Faulk | | |
| 89. | DIMERCO000291 | DIMERCO000294 | Emails re: Randy Mitchell | | |
| 90. | DIMERCO000295 | DIMERCO000301 | NAR - Business Developer Manager | | |
| 91. | DIMERCO000302 | DIMERCO000307 | Emails re: Business Developer Manager | | |
| 92. | DIMERCO000308 | DIMERCO000366 | HR, applicant, and recruitment emails and documents | | |
| 93. | DIMERCO3026 | DIMERCO3026 | Email re looking for "younger" people | | |
| 94. | DIMERCO9799 | DIMERCO9801 | Emails re offer letter to Kenny Faulk | | |
| 95. | DIMERCO09972 | DIMERCO9882 | Emails re showing Faulk is black contemporaneous to directive to rescind offer | | |
| 96. | DIMERCO9829 | DIMERCO9840 | Emails re directive to rescind offer to Faulk | | |
| 97. | DIMERCO9918 | DIMERCO9935 | Emails re Tanner Thibodeaux | | |
| 98. | DIMERCO5269 | DIMERCO5272 | Emails re instruction to remove term "young" from internal analysis of job candidate | | |
| 99. | DIMERCO6060 | DIMERCO6065 | Emails re Renee Howard's discrimination claims | | |
| 100. | DIMERCO 6017 | DIMERCO 6022 | Emails re Defendant using race as hiring criteria | | |
| 101. | DIMERCO6293 | DIMERCO6298 | Emails Renee Howard's discrimination claims | | |
| 102. | DIMERCO6430 | DIMERCO6445 | Emails re Renee Howard explaining that Defendant's use of race as hiring criteria is hindering her recruitment efforts | | |
| 103. | DIMERCO7169 | DIMERCO7174 | Emails re Renee Howard discussing race criteria with Herbert Liou | | |
| 104. | DIMERCO7922 | DIMERCO7922 | Emails re Herbert Liou instructing Shawn Teng to increase sales calls to Caucasians | | |
| 105. | DIMERCO7945 | DIMERCO7958 | Email Rescinding Faulk Offer Letter with all attachments | | |
| 106. | DIMERCO222 | DIMERCO230 | Tanner Thibodeaux Background Report | | |
| 107. | DIMERCO9919 | DIMERCO9922 | Emails re offer to Tanner Thibodeaux | | |
| 108. | DIMERCO218 | DIMERCO219 | Email correspondence and associated criminal record article regarding Tanner Thibodeaux | | |
| 109. | DIMERCO470 | DIMERCO470 | Emails re Herbert Liou directing manager to proceed with hiring Tanner Thibodeaux | | |
| 110. | DIMERCO10008 | DIMERCO10028 | Tanner Thibodeaux Interview Notes | | |
| 111. | DIMERCO100016 | DIMERCO100016 | Tanner Thibodeaux Background Check Authorization | | |
| 112. | DIMERCO11156 | DIMERCO11164 | Emails re Dimerco Founder Paul Chien and Herbert Liou discussing plans for the business, including hiring Caucasian sales managers | | |
| 113. | DIMERCO9786 | DIMERCO9786 | Emails re Renee Howard sending over a candidate she knows to be black | | |
| 114. | DIMERCO8429 | DIMERCO8465 | NAR Meeting Powerpoint | | |
| 115. | FAULK00001 | FAULK00002 | 2019 and 2020 Tax documents | | |
| 116. | FAULK00001 | FAULK00006 | NAR HR Management Meeting | | |

| 117. | FAULK00003 | FAULK00029 | Emails with Renee Howard | | |
|------|------------|------------|--------------------------|--|--|
| 118. | FAULK00030 | FAULK00037 | Texts with Renee Howard | | |
| 119. | FAULK00007 | FAULK00012 | Anthony Tien text messages | | |
| 120. | FAULK00013 | FAULK00015 | Email re: Sales candidate | | |
| 121. | FAULK00016 | FAULK00022 | Email re: NAR HR | | |
| 122. | FAULK00023 | FAULK00030 | Email re: Recruiting proposal extension | | |
| 123. | FAULK00031 | FAULK00033 | Email re: Employee rights | | |
| 124. | FAULK00034 | FAULK00034 | Article about Tanner Thibodeaux | | |
| 125. | FAULK00038 | FAULK00050 | Mitigation documents | | |
| 126. | FAULK00051 | FAULK00052 | Howard LinekdIn Communications | | |
| 127. | FAULK00053 | FAULK00055 | 9/7 Application | | |
| 128. | FAULK00056 | FAULK00056 | Nova transcript | | |
| 129. | FAULK00057 | FAULK00058 | Professional references | | |
| 130. | FAULK00059 | FAULK00061 | GSU transcript | | |
| 131. | FAULK00062 | FAULK00064 | Executed Offer | | |
| 132. | FAULK00065 | FAULK00066 | Dimerco Express Non-Disclosure and Security Agreement | | |
| 133. | FAULK00067 | FAULK00069 | Dimerco Express Offer Letter | | |
| 134. | FAULK00070 | FAULK00070 | Dimerco Benefits | | |
| 135. | FAULK00071 | FAULK00072 | Dimerco Express (USA) Corp. Sales Incentive Program | | |
| 136. | FAULK00073 | FAULK00082 | ADP Background Report | | |
| 137. | FAULK00083 | FAULK00083 | Letter rescinding offer | | |
| 138. | FAULK00084 | FAULK00157 | 2019-2022 Bank statements | | |

Plaintiff reserves the right to use any exhibits identified on Defendant's exhibit list.

<u>Defendant's Objections (if any) to Plaintiff's Exhibits</u>

The Parties moved to extend the time to file objections by noon on September 19th. This motion was not granted. Therefore, the Parties are proceeding with filing their objections.

# Attachment G-2

# Defendant's Exhibit List

This list does not apply to demonstrative aids, which are not to be tendered as evidence at trial, or to any exhibit that may be used for rebuttal or impeachment purposes only.  Defendant has attempted to identify even those documents that it intends to use for impeachment purposes, but reserves the right to use any other evidence based on the testimony.

| Trial Ex. # | Bates Start | Bates End | Pa | Description | Admit | Deny |
|---|---|---|---|---|---|---|
| 1. | | | 1 | Plaintiff's Georgia Driver's License | | |
| 2. | DIMERCO002702 | DIMERCO002703 | 2 | Plaintiff's Resume | | |
| 3. | | | 3 | Email from Livingston International's Allie Temkin to Lara Stewart re Plaintiff's resume dated 07/22/22 | | |
| 4. | DIMERCO000056 | DIMERCO000057 | 2 | Plaintiff's Resume | | |
| 5. | DIMERCO000058 | DIMERCO000059 | 2 | Plaintiff's Dimerco Express Application dated 08/30/19 | | |
| 6. | DIMERCO000063 | DIMERCO000064 | 2 | Calendar Invite from Dimerco to Plaintiff re Account Executive (Phone Screening) dated 08/23/19 | | |
| 7. | DIMERCO000062 | DIMERCO000062 | 1 | Calendar Invite from to Renee Howard re Account Executive dated 08/28/19 | | |
| 8. | FAULK00062 | FAULK00063 | 3 | Offer of Employment letter from Dimerco to Plaintiff dated 09/16/19 | | |
| 9. | DIMERCO000126 | DIMERCO000128 | 3 | Email from Renee Howard to Plaintiff re Background Report dated 09/27/19 | | |
| 10. | FAULK00073 | FAULK00082 | 10 | Plaintiff's Background Screening Results dated 09/26/19 | | |
| 11. | | | 2 | Letter from Livingston International to Plaintiff re abandonment of employment dated 08/02/19 | | |
| 12. | | | 1 | Dimerco Express Release and Consent for Background Investigation form | | |
| 13. | FAULK00030 | FAULK00037 | 8 | Text messages from Renee Howard to Plaintiff dating 09/12/19 to 05/12/20 | | |
| 14. | FAULK00051 | FAULK00052 | 2 | Text messages from Renee Howard to Plaintiff dating 06/03/20 to 05/12/20 | | |
| 15. | DIMERCO002696 | DIMERCO002749 | 53 | Plaintiff's Employment file from Livingston International | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 16. | DIMERCO ------ | DIMERCO------- | ---- | Plaintiff's Employment file from UPS | | |
| 17. | DIMERCO000199 | DIMERCO000125 | ------ | Plaintiff's Fulton County Arrest/Court Records | | |
| 18. | DIMERCO002710 | DIMERCO002710 | 1 | Letter from attorney Catalina Alvarez to Livingston International dated 09/06/19 | | |
| 19. | DIMERCO002709 | DIMERCO002709 | 1 | Letter from Livingston International to attorney Catalina Alvarez dated 09/24/19 | | |
| 20. | DIMERCO000367 | DIMERCO000372 | 5 | R. Howard Power Point -- Initial | | |
| 21. | DIMERCO000374 | DIMERCO000380 | 6 | R. Howard Power Point -- Revised | | |
| 22. | DIMERCO002750 | DIMERCO002752 | 3 | Mecklenburg County Arrests - Faulk | | |
| 23. | DIMERCO002753 | | 1 | Jail Records Search Detail – Fulton Co. | | |
| 24. | | | | Dimerco's Second Supplemental Responses to Plaintiff's First Interrogatories (10/27/22) | | |
| 25. | | | | | | |
| 26. | | | | | | |
| 27. | | | | | | |
| 28. | | | | | | |
| 29. | | | | | | |
| 30. | | | | | | |
| 31. | | | | | | |
| 32. | | | | | | |
| 33. | | | | | | |
| 34. | | | | | | |
| 35. | | | | | | |
| 36. | | | | | | |
| 37. | | | | | | |
| 38. | | | | | | |
| 39. | | | | | | |
| 40. | | | | | | |
| 41. | | | | | | |
| 42. | | | | | | |
| 43. | | | | | | |
| 44. | | | | | | |
| 45. | | | | | | |
| 46. | | | | | | |
| 47. | | | | | | |
| 48. | | | | | | |
| 49. | | | | | | |
| 50. | | | | | | |
| 51. | | | | | | |
| 52. | | | | | | |
| 53. | | | | | | |
| 54. | | | | | | |
| 55. | | | | | | |
| 56. | | | | | | |
| 57. | | | | | | |
| 58. | | | | | | |
| 59. | | | | | | |
| 60. | | | | | | |

| 61. | | | | | | |
|---|---|---|---|---|---|---|

Plaintiff reserves the right to use any exhibits identified on Plaintiff's exhibit list

<u>Plaintiff's Objections (if any) to Defendant's Exhibits</u>

The Parties moved to extend the time to file objections by noon on September

19th. This motion was not granted. Therefore, the Parties are proceeding with filing

their objections.

**<u>Attachment H-1</u>**

**PLAINTIFF'S TRIAL BRIEF**

The Parties respectfully request that they be permitted to file a trial brief, should they so elect, no later than seven (7) days before the pretrial conference.

## **Attachment H-2**

## **DEFENDANT'S TRIAL BRIEF**

The Parties respectfully request that they be permitted to file a trial brief, should they so select, no later than seven (7) days before the pretrial conference.

## **Attachment I-1**

## **PLAINTIFF'S PROPOSED VERDICT FORM**

The Parties respectfully request that they be permitted to file their proposed verdict forms no later than seven (7) days before the pretrial conference.

## Attachment I-2

## DEFENDANT'S PROPOSED VERDICT FORM

The Parties respectfully request that they be permitted to file their proposed verdict forms no later than seven (7) days before the pretrial conference.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KENNY FAULK,

Plaintiff,

v.

DIMERCO EXPRESS (USA) CORP.,

Defendant.

CIVIL ACTION NO:
1:21-cv-01850-MLB

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Amended Consolidated Proposed Pretrial Order* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 14th day of September, 2023.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

BARRETT & FARAHANY
P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com