IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | CIVIL ACTION NO:<br>1:21-CV-01850-MLB |

**PLAINTIFF'S NOTICE OF OBJECTION TO DEFENDANT'S
USE OF EVIDENCE AT TRIAL**

Plaintiff, Kenny Faulk ("Plaintiff" or "Mr. Faulk"), by and through his counsel of record, hereby files this Notice of Objection to Defendant's use of the following witnesses at trial and any associated documents with their testimony: Catalina Alvarez, Adam Jones, and Representative of UPS. Specifically, Plaintiff objects to these witnesses on the grounds that their testimony will violate Federal Rules of Evidence 401, 403, and 608, as discussed below and in Plaintiff's Motion in Limine. [Doc. 101, 112].

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On or about May 4, 2021, Plaintiff filed his Complaint against Defendant alleging that Defendant failed to hire Plaintiff because of his race. [Doc. 1]. On June 4, 2021, Defendant filed its Answer, and the parties conducted a yearlong discovery process which concluded on August 15, 2022. [Doc. 5, 52]. Approximately three (3) three years after Defendant failed to hire Plaintiff, Defendant's counsel deposed Plaintiff and discovered a pending rape charge, and associated charges in the same criminal case, against Plaintiff. Defendant subsequently subpoenaed records from Livingston International ("Livington"), a place Plaintiff worked before he applied before a job with Dimerco. Livingston produced documents that include statements from Plaintiff's previous attorney, Catalina Alvarez ("Ms. Alvarez"), stating incorrect statements regarding Plaintiff's departure from Livingston. [Dimerco002696-2749]. Defendant seeks to introduce testimony and documents from Ms. Alverez and Adam Jones, Livingston's Custodian of Records, to attack Plaintiff's credibility and, in turn, introduce evidence of Plaintiff's pending criminal charges. Additionally, Defendant subpoenaed prior employment records from UPS evidencing Plaintiff's termination for conversion. [Dimerco002754-2769]. The witness testimony and documents Defendant seeks to admit are irrelevant, unduly prejudicial and should be excluded from use at trial.

## I. Plaintiff's Prior Employment Records from UPS are not Admissible under Rule 608 to Attack Plaintiff's Character for Truthfulness.

Federal Rule of Evidence 401 defines relevance as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 608(b) provides that, except for a criminal conviction under rule 609, "extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witness' character for truthfulness." Fed. R. Evid. 608(b). Extrinsic evidence of a witness' prior misconduct should be excluded where that evidence is probative only of the witness' general propensity for truthfulness. United States v. Calle, 822 F.2d 1016, 1021 (11th Cir. 1987). As the Eleventh Circuit has explained:

> Where impeachment is concerned, Rule 608(b) provides that the trial court may in its discretion permit questioning about a witness' bad acts on cross-examination, if the acts bear on the witness' character for truthfulness. If the witness denies the conduct, such acts may not be proved by extrinsic evidence and the questioning party must take the witness' answer, unless the evidence would be otherwise admissible as bearing on a material issue of the case.

United States v. Matthews, 168 F.3d 1234, 1244 (11th Cir. 1999) (internal citations omitted).

In other words, Rule 608 prohibits a party from introducing extrinsic evidence of prior misconduct merely to impeach the general credibility of a witness. Calle, 822 F.2d at 1021; See United States v. Smith, 277 F. App'x 870, 872 (11th Cir. 2008)

(the district court did not abuse its discretion in finding that a witness' prior false statements were not admissible to show the witness was generally untruthful); See also United States v. Pope, 132 F.3d 684, 688 (11th Cir. 1998) (the district court did not error in refusing to admit extrinsic evidence of a witness' criminal charges for illegally possessing a firearm).

Here, Defendant attempts to introduce Plaintiff's employment records from UPS to attack Plaintiff propensity for truthfulness. Specifically, Defendant intends to use a UPS Representative's testimony to authenticate the records showing that UPS terminated Plaintiff on September 7, 2017, for conversion. Plaintiff's termination from UPS is not relevant to any issue in this matter and its admission is solely a means for Defendant to attack Plaintiff's character in violation of Rule 608. When Defendant failed to hire Plaintiff, it had no knowledge of Plaintiff's termination from UPS and Defendant did not discover this information until approximately (3) years after Defendant rendered its decision. To allow Defendant to use a UPS Representative's testimony and documents from Plaintiff's UPS employment file at trial will not provide any probative value to Defendant's defense, but it will unfairly prejudice Plaintiff with the jury. The UPS representative's testimony and supporting UPS documents can also mislead and confuse the jury to falsely conclude that Plaintiff's termination from UPS had a bearing on Defendant's decision not to hire Plaintiff. Therefore, Plaintiff respectfully requests that the Court

to use its discretion and exclude any testimony from Adam Jones, and any associated documents which reference Plaintiff' employment with UPS from use at trial.

II. **Plaintiff's Pending Charges and Communications with Livingston and Ms. Alverez are not Admissible under Rules 608(b) to Attack Plaintiff's Character for Truthfulness.**

Plaintiff also opposes any references to Plaintiff's pending rape charge, or any other attendant/lesser charges that were lodged against Plaintiff in connection with the rape charge.[1] As a preliminary matter, Plaintiff **has not been convicted of a crime** as required by Rule 609(a). Yet, Defendant seeks to introduce evidence of Plaintiff's pending rape charges (the "Charges") which is not permitted under Rule 608(b). Specifically, Defendant intends to use the Charges to attack Plaintiff's character for truthfulness by showing that Plaintiff misrepresented the reason for his Livington absences to Livingston and his prior counsel, Ms. Alverez. (Doc. 108, p. 3, 5-7). Apart from being completely irrelevant, Plaintiff's communications with Livington and Ms. Alverez (the "Communications") are the exact type of evidence Rule 608 seeks to exclude. Specifically, the Communications are not relevant to proving any material fact of Defendant's defense outlined in the Pre-Trial Order. (Doc. 97, p. 7-8). Additionally, Defendant's assertion that the Communications and should be admitted because Plaintiff misrepresented that he was employed by

---

[1] Plaintiff's objection to the admissibility of the Plaintiff's pending rape charges also includes the lesser included offenses of aggravated assault, strangulation and battery – family violence.

5

Livingston when he applied to Dimerco is also without merit and is simply Defendant's attempt to circumvent Rule 608(b) and admit evidence of Plaintiff's Charges. In sum, the Communications and Charges are irrelevant and inadmissible character evidence, which Defendant seeks to use to unfairly prejudice Plaintiff and confuse the jury in violation of Rules 403 and 608(b). Therefore, Plaintiff respectfully requests that the Court to use its discretion and exclude any testimony from Catalina Alvarez, along with any associated documents which reference Plaintiff's employment with Livingston, or pending charges from use at trial.

Respectfully submitted this 14th day of September 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

*Attorney for Plaintiff*

PO Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | CIVIL ACTION NO:<br>1:21-CV-01850-MLB |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served *Plaintiff's Notice of Objections to Defendant's Use of Evidence at Trial* via ECF, which will notify all counsel of record.

Respectfully submitted the 14th day of September 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504