**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | CIVIL ACTION NO:<br>1:21-CV-01850-MLB |

## **PROPOSED REQUESTS TO CHARGE AND JURY INSTRUCTIONS**

Plaintiff Kenny Faulk ("Plaintiff") and Defendant Dimerco Express ("Defendant") herewith submit their joint proposed requests to charge, along with their respective proposed requests to charge and jury instructions to which there is not an accord on inclusion.

**PRELIMINARY INSTRUCTIONS**[1]

1. Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

2. The Jury's Duty

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

**____ GIVEN**

**____ REFUSED**

[1] Eleventh Circuit Pattern Jury Instruction, Civil Cases (2020 revision)

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

3. What Is Evidence

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances offered to prove a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

4. <u>What Is Not Evidence</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

5. Credibility of Witnesses

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for considering a witness's credibility.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

6. Burden of Proof

Ms. Faulk has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Ms. Faulk must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Faulk and the evidence favoring Dimerco on opposite sides of balancing scales, Ms. Faulk needs to make the scales tip to her side. If Ms. Faulk fails to meet this burden, you must find in favor of Dimerco.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called “affirmative defenses,” Dimerco has the burden of proving the elements of a defense by a preponderance of the evidence. I will instruct you on the facts Dimerco must prove for any affirmative defense. After considering all the evidence, if you decide that Dimerco has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

7. <u>Conduct of the Jury</u>

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone

about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, TikTok, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here. You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, their counsel or the law. Don't read or listen to any news there may be about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from the

Court and not from any other source. Only you jurors can decide a verdict in this case.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

8. Taking Notes

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They are not entitled to greater weight than your memory or impression about the testimony.

**____ GIVEN**

____ **REFUSED**

____ **REFUSED/INCLUDED IN GENERAL CHARGE**

____ **WITHDRAWN**

9. <u>Course of the Trial</u>

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative. It's just an outline of what that party intends to prove.

Next, Kenny Faulk will present his witnesses and ask them questions. After counsel for Kenny Faulk questions the witness, counsel for Dimerco may ask the witness questions – this is called "cross-examining" the witness. Then Dimerco may present its witnesses, and counsel for Kenny Faulk may cross-examine them. You should base your decision on all the evidence, regardless of which party presented the evidence or asked the questions of a witness..

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

## TRIAL INSTRUCTIONS

10. Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.[2]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

[2] *Eleventh Circuit Pattern Jury Instructions, Civil §2.1 Stipulations (2020)*

11. Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter and sometimes a videographer is present and records the questions and answers. A few depositions will be presented to you by video orby reading the deposition transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.[3]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

[3] *Eleventh Circuit Pattern Jury Instructions, Civil §2.2 Depositions (2020)*

12. Interrogatories

You've heard answers that [name] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name] gave the answers in writing while under oath. You must consider [name]'s answers to as though [name] gave the answers on the witness stand.[4]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

## BASIC INSTRUCTIONS

13. Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.[5]

**____ GIVEN**

**____ REFUSED**

[4] *Eleventh Circuit Pattern Jury Instructions, Civil §2.6 Interrogatories (2020)*
[5] *Eleventh Circuit Pattern Jury Instructions, Civil §3.1 Introduction (2020*

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

14. Duty to Follow Instructions

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a company is involved as a party must not affect your decision in any way. A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a company is involved, of course, it may act only though people as its employees, and in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.[6]

[6] *Eleventh Circuit Pattern Jury Instructions, Civil §3.2.2 The Duty to Follow Instructions- Corporate Party Involved (2020)*

____ **GIVEN**

____ **REFUSED**

____ **REFUSED/INCLUDED IN GENERAL CHARGE**

____ **WITHDRAWN**

15. Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.[7]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

16. Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

[7] *Eleventh Circuit Pattern Jury Instructions, Civil §3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court (2020)*

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?[8]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

[8] *Eleventh Circuit Pattern Jury Instructions, Civil §3.4 Credibility of Witnesses (2020)*

17. Impeachment

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.[9]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

[9] *Eleventh Circuit Pattern Jury Instructions, Civil §3.5.1 Impeachment of Witnesses Because of Inconsistent Statements (2020)*

**____ WITHDRAWN**

**Authority:**

Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit, *Pattern Jury Instructions (Civil Cases),* 1.1 General Preliminary Instruction (2020).

18. Civil Allen Jury Instructions if the jury reports it is unable to reach a verdict

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendants. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it

- or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement - if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors ' opinions or just to return a verdict. You must each decide the case for yourself - but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors - who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberation.

## Proposed Instructions

1. Description of the Case

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Kenny Faulk, claims the Defendant, Dimerco Express (USA) Corp., discriminated against him, on the basis of his race, by not hiring him for a job.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

2. Section 1981 Discrimination

Kenny Faulk ("Mr. Faulk") claims that Dimerco Express (USA) Corp. ("Dimerco") violated a federal statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race.

Specifically, Mr. Faulk claims that Dimerco Express (USA) Corp. failed to hire him because of his race. Dimerco denies Mr. Faulk's claims.

To succeed on his claim against Dimerco, Mr. Faulk must prove each of the following facts by a preponderance of the evidence:

First: Mr. Faulk was not hired by Dimerco

Second: Dimerco did not to hire Mr. Faulk because of his race.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

If you find that Dimerco failed to hire Mr. Faulk, you must decide you must decide whether Dimerco took that action because of Mr. Faulk's race.

To determine that Dimerco did not hire Mr. Faulk because of Mr. Faulk's race, you must decide that Dimerco would have hired Mr. Faulk if he were not African-American but everything else had been the same.

Dimerco denies that it did not hire refuse to hire Mr. Faulk because of his race, and claims that it made the decision for other reasons.

An employer may not discriminate against an employee because of race, but an employer may refuse to hire an employee for any other reason, good or bad, fair or unfair. If you believe Dimerco's reasons for its decision to refuse to hire Mr. Faulk, and you find that Dimerco's decision was not because of Mr. Faulk's race, you must

not second guess that decision, and you must not substitute your own judgment for Dimerco's judgment—even if you do not agree with it. I have explained to you that evidence can be direct or circumstantial. To decide that Dimerco's decision to not to hire him was because of his race, you may consider the circumstances of Dimerco's decision. For example, you may not believe the reason Dimerco gave for the decision.

If you find that Dimerco refused to hire Mr. Faulk because of his race, you must consider the issue of Mr. Faulk's compensatory damages. You should determine what amount, if any, has been proven by Mr. Faulk by a preponderance of the evidence as full, just and reasonable compensation for all of Mr. Faulk's damages as a result of not being hired by Dimerco, no more and no less. Compensatory damages are <u>not</u> allowed as a punishment and must not be imposed or increased to penalize Dimerco. Also, compensatory damages must not be based on speculation or guesswork. You should consider the following elements of damage, to the extent you find that Mr. Faulk has proved them by a preponderance of the evidence, and no others: (a) net lost wages and benefits from the date of not being hired by Dimerco to August 1, 2022[10]; and (b) emotional pain and mental anguish. [To determine the

[10] Defendant takes the position that the Court should determine the issue of lost wages and submits that this instruction should only be given only if the Court does not undertake to determine the extent of Plaintiff's lost wage damages as an equitable remedy upon a jury finding that Dimerco refused to hire Plaintiff because of his race. Plaintiff submits that lost wages are to be determined by the jury, in accordance with

amount of Mr. Faulk's net lost wages and benefits, you should consider evidence of the actual wages he lost and the monetary value of any benefits he lost.] To determine whether and how much Mr. Faulk should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Mr. Faulk does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates him for his claims.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

Authority:

Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit, Pattern Jury Instructions (Civil Cases), Civil §4.9 Civil Rights Act – 42

---

*Brown v. Ala. DOT*, 597 F. 3d 1160, (11th Cir. 2010). Plaintiff further notes that the 11th Circuit Pattern Jury Instructions Verdict Form for 42 U.S.C. § 1981 claims calls for the jury to determine lost wages.

U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote (2020), modified by incorporating the "because of" language of Instruction 4.10 (age discrimination). The so-called "but for" causation standard now extends to claims under 42 U.S.C. § 1981. *Comcast Corporation v. National Association of African-Owned Media*, 140 S. Ct. 1009, 1019 (2020)

3. Mitigation of Damages[11]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Mr. Faulk to be reasonably diligent in seeking substantially equivalent employment to the position he sought with Dimerco. To prove that Mr. Faulk failed to mitigate damages, Dimerco must prove by a preponderance of the evidence that (1) work comparable to the position Mr. Faulk sought with Dimerco was available, and (2) Mr. Faulk did not

[11] To be given only if the Court does not undertake to determine the extent of Plaintiff's lost wage damages as an equitable remedy upon a jury finding that Dimerco refused to hire Plaintiff because of his race. Plaintiff submits that lost wages are to be determined by the jury, in accordance with *Brown v. Ala. DOT*, 597 F. 3d 1160, (11th Cir. 2010). Plaintiff further notes that the 11th Circuit Pattern Jury Instructions Verdict Form for 42 U.S.C. § 1981 claims calls for the jury to determine lost wages.

make reasonably diligent efforts to obtain it. If, however, Dimerco shows that Mr. Faulk did not make reasonable efforts to obtain any work, then Dimerco does not have to prove that comparable work was available. If you find that Dimerco proved by a preponderance of the evidence that Mr. Faulk failed to mitigate damages, then you should reduce the amount of Mr. Faulk's damages by the amount that could have been reasonably realized if Mr. Faulk had taken advantage of an opportunity for substantially equivalent employment.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

Authority:

Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit, Pattern Jury Instructions (Civil Cases), Civil §4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote (2020)

4. <u>Punitive Damages</u>

Ms. Faulk also asks you to award punitive damages. You will only reach the issue of punitive damages if you find that Mr. Faulk was discriminated against because of his race. The purpose of punitive damages is not to compensate Ms. Faulk but, instead, to punish Dimerco for wrongful conduct and to deter similar wrongful conduct.

To be entitled to an award of punitive damages, Ms. Faulk must prove by a preponderance of the evidence that Dimerco acted with either malice or with reckless indifference toward Mr. Faulk's federally protected rights. Specifically, Mr. Faulk must show that an employee of Dimerco, acting in a managerial capacity, either acted with malice or with reckless indifference to Ms. Faulk's federally protected rights. There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Dimerco gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

You should be mindful that you cannot assess punitive damages against Dimerco for being a distasteful business. Punitive damages are meant to punish the Defendant for only its conduct and not for conduct that occurred at another time. Your

only task is to decide whether it is appropriate to punish the Defendant for the actions it took in this particular case.

To show that Dimerco acted with malice, Mr. Faulk must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Ms. Faulk anyway. To show that Dimerco acted with reckless indifference to Mr. Faulk's federally protected rights, Ms. Faulk must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Ms. Faulk to an award of punitive damages; Mr. Faulk need not prove both.

There is no single factor that determines whether Dimerco acted with malice or with reckless indifference to Ms. Faulk's federally protected rights. In determining whether to award punitive damages, you may consider factors such as:
(1) whether Dimerco engaged in a pattern of or discrimination or retaliation toward its employees; (2) whether Dimerco acted spitefully or malevolently; (3) whether Dimerco showed a blatant disregard for civil legal obligations; and (4) whether Dimerco failed to take corrective action concerning discriminatory acts or comments by its employees.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

[If you find that punitive damages should be assessed against Dimerco, you may consider the evidence regarding Dimerco's financial resources in fixing the amount of such damages.][12]

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

[12] Defendant has filed a Motion in Limine with respect to this evidence and standard. [R. Doc. 106] and for the same reasons objects to this passage of the instruction. Plaintiff further notes that, to the extent this instruction is to be given, Plaintiff's motion to obtain discovery regarding Defendant's financial condition should be granted and the discovery provided. Plaintiff is not being provided with a meaningful opportunity to present evidence of Defendant's financial resources without being provided discovery on the issue.

**Authority:**

Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit, Pattern Jury Instructions (Civil Cases), Civil §4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote (2020).

5. Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:**

Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit, Pattern Jury Instructions (Civil Cases), Civil §3.8.1.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

## **Plaintiff's Proposed Instructions**

Set forth below are Plaintiff's Proposed Instruction, to which the parties are not in Agreement for submission to the jury.

1. Explanation of "But-for" standard

In order for Ms. Faulk to establish a claim of failure to hire, he must prove by a preponderance of the evidence that Dimerco would not have taken the challenged employment decision but for his race. This standard does not require Plaintiff to show that his race was the sole motivating factor in the employment decision. Instead, an employer may be held liable for discrimination even if other factors contributed to the employer making the challenged decision, so long as race was the factor that made a difference.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

**Defendant's Position:** This is redundant of the prior instruction, stated in the reverse and is tantamount to the Title VII same decision defense that is inapplicable in this case. Further, it does not track an 11th Circuit Pattern Jury Instruction.

**<u>Defendant's Proposed Instructions</u>**

Set forth below are Defendant's Proposed Instructions, to which the parties are not in Agreement for submission to the jury.

1. <u>Negative Inference</u>

Plaintiff has asserted his constitutional right against self-incrimination under the 5th Amendment to the U.S. Constitution. From the invocation of the privilege you may infer, if you deem it proper to do so, that had the answers been given, they would not have contradicted Dimerco's opposing evidence on the issue of the nature and extent of Mr. Faulk's claimed emotional pain and mental anguish damages or would not have supported Mr. Faulk's position on that issue and you may, although you are not required to, draw the strongest inference against Mr. Faulk on that evidence that the opposing evidence permits.

**<u>Plaintiff's Response</u>:**

Plaintiff objects to the instructions for the reasons set forth in Plaintiff's Motion in Limine regarding the use of evidence of Plaintiff's pending criminal charges at trial. Further, this proposed instruction does not match or conform to an 11th Circuit Pattern Instruction.

**____ GIVEN**

**____ REFUSED**

**____ REFUSED/INCLUDED IN GENERAL CHARGE**

**____ WITHDRAWN**

_**Authority:**

New York Pattern Jury Instruction 1:76. The Eleventh Circuit has held that "the trier of fact may take an adverse inference against the parties to a civil action refusing to testify on Fifth Amendment grounds." *United States v. Two Parcels of Real Property Located in Russell County, Alabama*, 92 F.3d 1123, 1129 (11th Cir.1996); *Arango v. United States Dept. of the Treasury*, 115 F.3d 922, 926 (11th Cir.1997).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENNY FAULK, | |
| Plaintiff, | CIVIL ACTION NO: |
| v. | 1:21-CV-01850-MLB |
| DIMERCO EXPRESS (USA) CORP., | |
| Defendant. | |

**Proposed Verdict Form**

**Part I. Discrimination**

***Question 1***

Do you find from a preponderance of the evidence that Dimerco Express (USA) Corp. did not hire Kenny Faulk?

**YES_____ NO_____**

— If you answered "Yes" to Question 1, then answer Question 2.

— If you answered "No" to Question 1, this ends your deliberations, and have the foreperson sign and date the last page of the verdict form.

***Question 2***

Do you find that Dimerco Express (USA) Corp. did not hire Kenny Faulk because of his race ?

**YES_____ NO_____**

— If you answered "Yes" to Question 2, then answer Question 3.

— If you answered "No" to Question 2, this ends your deliberations, and have the foreperson sign and date the last page of the verdict form.

**Part II. Damages**

If you answered "Yes" to questions 1, and 2, above, you should answer the following questions.

***Question 3***

What amount of damages, if any, should be awarded to Kenny Faulk to compensate for a net loss of wages and benefits to the date of August 1, 2022?

$____________________

***Question 4***

Do you find that Kenny Faulk should be awarded damages to compensate for emotional pain and mental anguish?

**YES_____ NO_____**

— If your answer to Question 4 is "Yes" answer the following items:

(1) What amount, if any, do you award for past emotional pain and mental anguish:

$____________________

(2) What amount, if any, do you award for future emotional pain and mental anguish:

— If you awarded damages in response to Question Nos. 3 or 4 (or both), go to the next question.

— If you did not award damages in response to either Question Nos. 3 or 4, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it.

***Question 5***

Do you find that punitive damages should be assessed against Dimerco Express (USA) Corp.?

**YES_____ NO_____**

— If your answer is "Yes," in what amount?

$____________________

SO SAY WE ALL.

______________________

Foreperson's Signature

Date _________________