**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | CIVIL ACTION<br>No: 1:21-CV-01850-MLB |

**Notice of Filing of Legal Authority Regarding Mitigation and Admissibility of Pending Criminal Charges**

COMES NOW, Plaintiff, by and through and undersigned counsel, and hereby files this Notice of Legal Authority Regarding Mitigation and Admissibility of Pending Criminal Charges.

**A. Mitigation**

In assessing back-pay damages in an employment discrimination case, an employee has a duty to mitigate damages and make reasonable efforts to obtain "substantially comparable" employment. *Weaver v. Casa Gallardo, Inc*., 922 F.2d 1515, 1527 (11th Cir. 1991). More specifically, Defendant "must show that comparable work was available and the claimant did not seek it out." *Id*. (internal quotations omitted). If, however, an employer proves that the employee has not made

reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment. *Id*.

Failure to mitigate such damages, however, "is an affirmative defense, and as such," each defendant bears the burden of proving. *Id*. quoting *Munoz v. Oceanside Resorts, Inc*., 223 F.3d 1340, 1348 (11th Cir. 2000).

A claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence. The claimant's burden is not onerous, and does not require him to be successful in mitigation. *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983).

The "reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market". *Id*; see also *NLRB v. Jackson Hosp. Corp.,* 557 F.3d 301, 307-08 (6th Cir. 2009) (internal citations omitted) (The "reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual's background and experience and the relevant job market."); *Galbreath v. Hale Cty.,* 2017 U.S. Dist. LEXIS 125026 (S.D. Ala. Aug. 8, 2017) (Holding that the Plaintiff's individual characteristics, which needed to be considered in assessing whether he engaged in reasonable efforts to find comparable employment, included having recently gone through two "turbulent terminations," and having a news article published about a previous termination. The Court further held that the impact of

such considerations on how his job applications would be received could be properly considered by the jury **as support for** the conclusion that the plaintiff had engaged in reasonable efforts to find comparable work.); *Sharkey v. Lasmo* (AUL Ltd.), 55 F. Supp. 2d 279, 288 (S.D. NY 1999) (Facts held to support conclusion that the plaintiff had been unable to find comparable work despite reasonable efforts included plaintiff having only having a high school degree, being 59 years old, and having only specialized skills in one industry).

Here, to establish the affirmative defense on mitigation, Defendant must show that comparative work was actually available to Plaintiff, which takes into account Plaintiff's individual characteristics, which include his criminal record. Whether Plaintiff's criminal record hindered his job search efforts and the availability of comparable work to the job he was denied with Defendant does not support Defendant's position on the mitigation defense. Quite the contrary, Plaintiff's criminal record hindering his ability to find comparable work may be used by Plaintiff to support his position that he made reasonable efforts to find work. The mitigation defense "operates to prevent claimants from recovering for damages which they could have avoided through reasonable diligence." *Grace v. City of Detroit*, 216 Fed. Appx. 485, 488 (6th Cir. 2007). Any impact of Plaintiff's criminal record on his ability to find work could not have been avoided through any level of diligence.

**B. Admissibility of Pending Criminal Charges**

In *Gonpo v. Sonam's Stonewalls & Art*, the First Circuit was presented with an appeal of a district court's exclusion of evidence that the plaintiff in a wage case had been accused by his 16 year old daughter of rape months before the plaintiff had initiated his case. 41 F.4th (1st Cir. 2022).

In *Gonpo*, the defendant-employer contended that the plaintiff had brought his wage case to manipulate the rape prosecution and pressure his daughter to drop the criminal case. At the district court level, the court denied the employer's request to introduce the rape allegation, finding that such allegations were irrelevant to the wage claims, despite recognizing that it was "possible that the allegations motivated [Gonpo] to bring [the] lawsuit" and that they could show that Gonpo had a motive to "fabricate[]" his claims, though calling them "tenuously relevant at best." The district court further reasoned that the evidence was "incendiary" and concluded it would be "improper, unfair, and unnecessary" to allow the evidence.

The First Circuit squarely rejected the employer's appeal of the exclusion of evidence of the rape allegation. The First Circuit noted, *inter alia*, that FRE 403 "provides a mechanism to guard against the possibility that "evidence could . . . cause the jury to condemn a [party] based on passion or bias, for example, which is

a no-no." *Gonpo*, 41 F. 4th 1, 7 quoting *States v. Jones*, 748 F.3d 64, 71 (1st Cir. 2014). In *Gonpo*, the Court reasoned as follows in rejecting the employer's appeal:

> Allegations that Gonpo raped Lama's then-16-year-old daughter would certainly be "explosive" evidence of a "shocking or heinous crime likely to inflame the jury." Those allegations raise the specter that even if the jurors believed that Gonpo had a legitimate wage claim uninfected with bad motive, they might nonetheless find against Gonpo out of disgust for his bad acts -- particularly where finding for Gonpo would foist a financial burden on the family of the alleged victim. And that is precisely the concern that the district court here, aligning with Rule 403, sought to avoid. *Gonpo*, 41 F. 4th 1, 7. (internal citations omitted).

Here, allowing the jury to be informed of Mr. Faulk's pending criminal charges for the purpose of assessing whether Mr. Faulk's emotional distress was caused by sources other than the claims in this case, or whether he is credible in his testimony regarding his emotional distress, is equally, if not more concerning than the scenario presented in *Gonpo*. Plaintiff's expected testimony regarding his emotional distress relates to the impact of incurring lost wages, following the job denial, along with the emotional impact of learning, sometime later, that he did not obtain the job with Dimerco because of his skin color. Bringing in an incendiary rape charge simply to try to argue Plaintiff had other causes of emotional distress, or is otherwise not credible in his testimony[1], does not meet the standard contemplated by FRE 403. As noted, *supra*, whether Plaintiff's criminal record adversely impacted

[1] It remains unclear to Plaintiff the extent to which the Court is inclined to permit Defendant to introduce the Livingston matter, and the scope of admission of that collateral matter. It is Plaintiff's position that any reference to the pending criminal charges is improper, in accordance with the authority provided herein.

his job search, does not provide Defendant with a means to challenge his entitlement to lost wages in an employment discrimination case. In the same fashion, Plaintiff's emotional distress sustained from incurring lost wages he would not have occurred if he started and continued to work for Dimerco, cannot be challenged by pointing to criminal charges that effected his job prospects.[2] Further, Plaintiff testifying to emotional distress related to the limited issue of the impact of learning that he did not receive the job with Dimerco because is black, when assessed against an FRE 403 balancing test, does not support admissibility of the charges. In *Barber v. City of Chicago*, a §1983 case involving a claim that the plaintiff had suffered emotional distress in connection with excessive force by police officers, the 7th Circuit found that the district court erred in permitting the defense to question plaintiff about his possession of a stolen motor vehicle conviction to rebut his narrowly focused claim for emotional-distress damages given the substantial risk of prejudice. 725 F.3d 702, 711 (7th Cir. 2013).

In reversing the case and remanding for a new trial, the 7th Circuit reasoned

> "Given the substantial risk of prejudice, the infinitesimal probative value of the evidence, and the fact that emotional distress was touched on briefly, it was an abuse of discretion to permit the defense to question Barber about his PSMV conviction and resulting

---

[2] This distinction is important given that here, unlike a Section 1983 excessive force case, where the plaintiff's criminal history could be relevant to show that their criminal record, and not being in a state of emotional distress, impacted their ability to find work. As discussed herein, Defendant cannot avail itself of a mitigation defense by arguing Plaintiff could have found better jobs without his criminal record. It bears noting that this distinction is a logical one, given that in an employment discrimination case, unlike an excessive force case, the plaintiff necessarily had or was denied a job with the defendant, despite their criminal record, and their criminal record does not impact the amount of wages they would have received if the job had not been unlawfully denied by the defendant.

> incarceration to rebut his narrowly focused claim for emotional-distress damages. The district judge's view would seemingly permit any civil-rights plaintiff's criminal history to come in on the issue of emotional-distress damages, no matter how tenuous a connection the evidence has to the issue of damages or how central a role emotional distress plays during the plaintiff's case."
>
> *Barber*, 725 F.3d 715.

Like *Barber*, Plaintiff's expected testimony regarding his emotional distress damages is narrow in focus and Defendant should not be permitted to bring in pending criminal charges under the circumstances present.

Respectfully submitted, this 25th day of September, 2023.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KENNY FAULK,

Plaintiff,

v.

DIMERCO EXPRESS (USA) CORP.,

Defendant.

Civil Action No.:
1:21-cv-1850-MLB-JKL

JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiff's Notice of Filing of Legal Authority Regarding Mitigation and Admissibility of Pending Criminal Charges with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 25th day of September, 2023.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504