**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | CIVIL ACTION<br>No: 1:21-CV-01850-MLB |

**Notice of Filing of Legal Authority Regarding**

**Admissibility of Statements Made in Negotiations**

COMES NOW, Plaintiff, by and through and undersigned counsel, and hereby files this Notice of Legal Authority Regarding Admissibility of Statements Made in Negotiations

**A. Admissibility of Negotiations**

FRE 408 provides, in pertinent part, as follows:

(a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Here, Defendant seeks to introduce statements made on Plaintiff's behalf, by his former counsel in settlement negotiations related to Plaintiff's claims involving a prior employer, Livingston International ("Livington"). Defendant seeks to introduce those inadmissible statements to impeach Plaintiff by prior inconsistent statements and contradictions. By definition, FRE 408 prohibit using statements made in negotiations to impeach a witness by a prior inconsistent statement or contradiction in negotiations.

In the same fashion, Defendant would of course be precluded from introducing negotiation communications transmitted in this case to impeach Plaintiff with prior inconsistent statements or contradictions in the negotiations.

The only exceptions to FRE 408, proving a witness's bias or prejudice, are not conceivably applicable here. During the pretrial conference, the Court suggested that the contradicting communications could be admissible because Plaintiff purportedly lied to obtain an employment settlement with Livingston and could lie to obtain damages in this case. If this were a basis for admission, it would seem that every contradicting/dishonest statement in a settlement negotiation could be used against

a party in the present litigation, i.e., purported contradictions or lies told in a negotiation used to obtain an employment settlement in the present case. It is Plaintiff's position that admitting the negotiation communications at issue would violate FRE 408. *Compare with* *EEOC v. Gear Petroleum, Inc*., 948 F.2d 1542 (10th Cir. 1991) (Letter sent as part of settlement negotiation cannot be used to impeach defense witnesses by way of contradiction or prior inconsistent statement); see also See also Steven A. Saltzburg & Kenneth R. Redden, Federal Rules of Evidence Manual [*1546] 286 (4th ed. 1986) HN7 ("In most cases . . . the Court should decide against admitting statements made during settlement negotiations as impeachment evidence when they are used to impeach a party who tried to settle a case but failed. The philosophy of the Rule is to allow the parties to drop their guard and to talk freely and loosely without fear that a concession made to advance negotiations will be used at trial. Opening the door to impeachment evidence on a regular basis may well result in more restricted negotiations").

Respectfully submitted, this 25th day of September, 2023.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KENNY FAULK,<br><br>Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>Defendant. | Civil Action No.:<br>1:21-cv-1850-MLB-JKL<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiff's Notice of Filing of Legal Authority Regarding Admissibility of Statements Made in Negotiations with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 25th day of September, 2023.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504