**Plaintiff's Amended Proposed Instructions**

Set for below are Plaintiff's Proposed Instructions, to which the parties are not in Agreement for submission to the jury.

1. Explanation of "But-for" Standard

In order for Mr. Faulk to establish a claim of failure to hire, he must prove by a preponderance of the evidence that Dimerco would not have taken the challenged employment decision but for his race. This standard does not require Plaintiff to show that his race was the sole motivating factor in the employment decision. Instead, an employer may be held liable for discrimination even if other factors contributed to the employer making the challenged decision, so long as race was the factor that made a difference.

____ **GIVEN**

____ **REFUSED**

____ **REFUSED/INCLUDED IN GENERAL CHARGE**

____ **WITHDRAWN**

**Defendant's Position:** This is redundant of the prior instruction, stated in the reverse and is tantamount to the Title VII same decision defense that is inapplicable in this case. Further, it does not track an 11th Circuit Pattern Jury Instruction.

2.  Race Matching

Race matching for positions is stereotyping, and not a defense to intentional discrimination. Ferrill v. Parker Group, 168 F.3d 468 (1999).  A Defendant who makes job assignments on the basis of race, even with no racial animus, can be held liable for intentional discrimination. Id.

\_\_\_\_ **GIVEN**

\_\_\_\_ **REFUSED**

\_\_\_\_ **REFUSED/INCLUDED IN GENERAL CHARGE**

\_\_\_\_ **WITHDRAWN**

3.  Intentional Discrimination

The Plaintiff only needs to prove that the decision was premised on race, not that the decision was motivated by invidious hostility or animus, for the Defendant to be liable for intentional discrimination. Goodman v. Lukens Steel Co., 482 U.S. 656, 669 (1987).

\_\_\_\_ **GIVEN**

\_\_\_\_ **REFUSED**

\_\_\_\_ **REFUSED/INCLUDED IN GENERAL CHARGE**

\_\_\_\_ **WITHDRAWN**

4. <u>Biased Statements</u>

Racial comments by the employer or decision maker constitutes direct evidence of discrimination. <u>Wilson v. Aliceville</u>, 779 F.2d 631, 634 (11th Cir. 1986); <u>Miles v. M.N.C. Corp.</u>, 750 F.2d 867, 873-76 (11th Cir. 1985).

\_\_\_\_ **GIVEN**

\_\_\_\_ **REFUSED**

\_\_\_\_ **REFUSED/INCLUDED IN GENERAL CHARGE**

\_\_\_\_ **WITHDRAWN**

5. <u>Inconsistent Hiring Practice</u>

Evidence that the employer requested criminal history information more often for individuals with certain racial or ethnic backgrounds or gave Whites but not racial minorities the opportunity to explain their criminal history, would support a showing of disparate treatment.

\_\_\_\_ **GIVEN**

\_\_\_\_ **REFUSED**

\_\_\_\_ **REFUSED/INCLUDED IN GENERAL CHARGE**

\_\_\_\_ **WITHDRAWN**