IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK,<br><br>    Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>    Defendant. | Civil Action No.<br><br>1:21-cv-1850-MLB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF KENNY FAULK'S RESPONSE TO DEFENDANT'S EXPEDITED MOTION TO SET BOND AND STAY EXECUTION**

Plaintiff Kenny Faulk ("Plaintiff"), by and through counsel of record, hereby files this response to Defendant's *Expedited Motion to Set Bond and Stay Execution*. [DE 178].

Argument and Citation to Authority

A judgment of a United States District Court becomes enforceable 30 days after the judgment is entered. See Fed. R. Civ. P. 62(a). However, under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Am. Grand Court Lakes, LLC v. Rockhill Ins. Co*., 2020 U.S. Dist. LEXIS

266516, *2 (S.D. Fla. 2020) quoting *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

Defendant is entitled to a stay of execution if it posts an appropriate bond. Plaintiff therefore does not oppose a stay, at such time as Defendant posts an appropriate bond. Defendant suggests that a bond in the amount of $3,390,000 would be sufficient to preserve the status quo. [DE 178, p. 4]. Plaintiff does not agree with Defendant on this point. Plaintiff submits that, to the extent it desires a stay on execution of the judgment, "[t]he amount of the bond must be calculated to include the whole amount of the judgment, costs on the appeal, interest, and damages for delay." *Matthew Focht Enters. v. Lepore*, 2015 U.S. Dist. LEXIS 191450, *8 (N.D. Ga. 2021). Plaintiff respectfully requests that, to the extent the Court sets a bond, that the bond be set at an amount sufficient to cover the whole amount of the judgment, costs on appeal, interest, and damages for delay. Compare with *Matthew Foch Enters.*, at *9 (Requiring bond "to cover the full amount of the judgment, costs on the appeal, including attorneys' fees, interest, and damages for delay"); *Ayers v. Harrison*, No. 2:10-CV-00032-RWS, 2014 U.S. Dist. LEXIS 80590, 2014 WL 2712297, at *7 (N.D. Ga. June 13, 2014) (Requiring appellant to post supersedeas bond of $2,900,000 to stay execution of $2,479,256.19 judgment).

Respectfully submitted, this 27th day of November, 2023.

                                             **BARRETT & FARAHANY**

                                             s/ *V. Severin Roberts*
                                             V. Severin Roberts
                                             Georgia Bar No. 940504

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK,<br><br>    Plaintiff,<br><br>v.<br><br>DIMERCO EXPRESS (USA) CORP.,<br><br>    Defendant. | Civil Action No.:<br>1:21-cv-1850-MLB<br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing Plaintiff's Response to Defendant's Expedited Motion to Set Bond and Stay Execution with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

    This 27th day of November, 2023.

                                                 */s/ V. Severin Roberts*
                                               V. Severin Roberts
                                               Georgia Bar No. 940504