UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNY FAULK, | ) |
|     Plaintiff, | ) Civil Action No. |
| v. | ) 1:21-CV-1850-MLB |
| DIMERCO EXPRESS (USA) CORP., | ) |
|     Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS EXPEDITED MOTION TO SET BOND
AND STAY EXECUTION OF JUDGMENT**

Defendant Dimerco Express (USA) Corp. ("Dimerco") hereby files this Reply Memorandum of Law in Support of its Expedited Motion to Set Bond and Stay Execution of Judgment (the "Motion to Set Bond"). (Doc. 178.)

In his Response to Defendant's Expedited Motion to Set Bond and Stay Execution (Doc. 181), Plaintiff Kenny Faulk ("Faulk") does not dispute that this Court should set an appropriate bond or that Dimerco is entitled to a stay of the execution of judgment on an expedited basis upon Dimerco's posting of an approved bond. Nor does Faulk dispute Dimerco's position that it is easily able to satisfy any money judgment against it. Faulk's only objection is to the amount of the bond that

Dimerco must post. Dimerco requested approval to post a bond in the amount of the judgment (Doc. 178 at 4); Faulk argues that the amount of the bond should be higher in order to cover "costs on appeal, interest, and damages for delay"—without supplying the Court with either a specific figure or a formula to estimate these costs. (*See* Response, Doc. 181 at 2 (quoting *Matthew Focht Enters. v. Lepore*, No. 1:12-cv-4479-WSD, 2015 U.S. Dist. LEXIS 191450 at *8 (N.D. Ga. 2021)).)

As set forth in the Motion to Set Bond, the Northern District of Georgia does not provide a formula for calculating the appropriate bond amount to preserve the status quo during the pendency of post-trial motions or an appeal. Notably, the Court may, in its discretion, stay the judgment *without* requiring a bond. *See Campbell v. Rainbow City, Alabama*, 209 Fed. Appx. 873, 874 (11th Cir. 2006) (citing *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1296 (11th Cir. 1991)).

Here, the record evidence establishes that Dimerco is easily able to satisfy the $3,390,000 judgment, (*see* Doc. 178 at 4), and Plaintiff has not even proposed a bond amount. Further, given Dimerco's financial standing (*see id.*), it is unnecessary for the bond here to exceed the judgment against Dimerco by as much as 17%, as in the cases Plaintiff cites. *See, e.g.*, *B & F Sys., Inc. v. LeBlanc*, No. 7:07-CV-192 (HL), 2012 WL 12965748 (M.D. Ga. Aug. 9, 2012) (canvassing cases and court rules in

requiring bond in the amount of the judgment plus 10%). Accordingly, requiring a bond in the amount of the judgment itself is entirely appropriate. *See Reaid v. Wilson*, No. 4:19-CV-0154-MHC, 2020 WL 4530316, at *2 (N.D. Ga. Mar. 23, 2020); *First Citizens Bank & Tr. Co., Inc. v. River Walk Farm, L.P.*, No. 1:13-CV-01488-WCO, 2015 WL 11232357, at *2 (N.D. Ga. Jan. 6, 2015).

## CONCLUSION

This Court should enter an order on an expedited basis approving a supersedeas bond in the amount of $3,390,000, requiring Dimerco to post such a bond within 21 days of issuance of the order, and staying execution of the judgment during the pendency of the post-trial proceedings and any appeal.

*Signature on Next Page*

3

Respectfully submitted this December 11, 2023.

| | |
|---|---|
| **GORDON REES SCULLY MANSUKHANI, LLP**<br><br>Chad A. Shultz<br>Georgia Bar No. 644440<br>55 Ivan Allen Jr. Blvd., NW, Suite 750<br>Atlanta, Georgia 30308<br>(404) 978-7325<br>cshultz@grsm.com<br><br>Steven M. Stastny<br>*Admitted Pro Hac Vice\**<br>201 St. Charles Avenue<br>New Orleans, LA 7017<br>(504) 799-0280<br>sstastny@grsm.com<br><br>**OLSEN & BRUEGGEMANN, PC**<br>David G. Jones<br>*Admitted Pro Hac Vice*<br>1600 Rosecrans Avenue<br>Media Center, 4th Floor<br>Manhattan Beach, CA 90266<br>(310) 321-7807<br>dgj@oblawapc.com | **HOLLAND & KNIGHT LLP**<br><br>*/s/ Nicholas R. Boyd*<br>Cynthia G. Burnside<br>Georgia Bar No. 097107<br>Nicholas R. Boyd<br>Georgia Bar No. 849842<br>1180 Peachtree Street, N.W., Ste. 1800<br>Atlanta, GA 30309<br>T: (404) 817-8500<br>F: (404) 881-0470<br>cynthia.burnside@hklaw.com<br>Nicholas.boyd@hklaw.com<br><br>Ilene Pabian (*pro hac vice pending*)<br>Florida Bar No. 62499<br>701 Brickell Avenue, Suite 3300<br>Miami, Florida 33131<br>T: (305) 374-8500<br>F: (305) 789-7799<br>Ilene.pabian@hklaw.com |

*Attorneys for Defendant Dimerco Express (USA) Corp.*

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULES 5.1(C) AND 7.1(D)

Pursuant to Local Rules 7.1(D), I certify that this document has been prepared with 14-point Times New Roman font, approved by the Court in Local Rule 5.1(C).

*s/ Nicholas R. Boyd*
Nicholas R. Boyd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2023, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to parties of record via electronic mail.

*/s/ Nicholas R. Boyd*
Nicholas R. Boyd
