# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **KENNY FAULK,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| | ) | **1:21-CV-1850-MLB** |
| **v.** | ) | |
| | ) | |
| **DIMERCO EXPRESS (USA)** | ) | |
| **CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR ATTORNEYS' FEES AND EXPENSES

## INTRODUCTION

Plaintiff Kenny Faulk's ("Plaintiff") Motion for Attorneys' Fees (Doc. 182) is a case study in overreaching. Plaintiff requests fees in excess of the prevailing market rates for attorneys in this district, seeks to recover the costs of clerical office work, and fails to cut time entries that are excessive, unnecessary, or duplicative (including work that appears to have been performed in another case entirely). Moreover, Plaintiff requests a staggering *50%* fee enhancement without making any serious effort to establish that this is the type of exceptional case where such an enhancement is justified.

Defendant Dimerco Express (USA) Corp. ("Defendant") requests that the Court award Plaintiff fees of no greater than $273,160, without *any* fee enhancement whatsoever, for the reasons set forth below and demonstrated by the attached exhibits.

## PROCEDURAL HISTORY

Plaintiff filed a one-count Section 1981 complaint against Defendant alleging race discrimination in May 2021 and an amended complaint in June 2021. Doc. 1, 10. A jury trial was held from October 16, 2023 to October 19, 2023. Half of the first day consisted of jury selection and the proceedings on the final day consisted of jury deliberations. In sum, there were at most two and one-half days of testimony, evidence, opening statements, jury charges and closing arguments.

The jury returned a verdict in favor of Plaintiff, finding Defendant liable and awarding Plaintiff $90,000 for back pay, $150,000 for past emotional distress damages, $150,000 for future emotional distress damages, and $3,000,000 in punitive damages. Doc. 153, 154, 160.  The Clerk's Judgment on Jury Verdict in favor of Plaintiff and against Defendant in the amount of $3,390,000 was entered on October 23, 2023. Doc. 161.

Plaintiff now requests nearly $394,828 in attorneys' fees ***plus a 50% fee enhancement for "superior performance"*** and $25,986.28 in expenses. These

expenses are in addition to nearly $10,000 in recoverable costs already claimed by Plaintiff and awarded by the Court. Doc. 166, 171.

## ARGUMENT

### I.   Legal standard

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the [prevailing] attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "[I]n 'rare and exceptional' cases," courts may apply a multiplier to the lodestar amount. *Home Depot*, 931 F.3d at 1076 (quoting *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 552 (2010)).

### II.   The rates that Plaintiff requests are not reasonable.

Plaintiff requests rates that are above market for the services provided—and, in some cases, are completely unjustified. For the reasons set forth below, the rates that Plaintiff requests should be adjusted as follows:

| Name | Requested Hourly Rate | Appropriate Hourly Rate |
|---|---|---|
| Amanda Farahany | $550 | $450 |
| V. Severin Roberts | $400 | $350 |
| Benjamin Rollins | $275 | $200 |
| P. Reid, C. Gavrilidis, Z. Panter | $275 | $175 |
| Paralegals | $150 | $100 |
| Legal Assistants | $150 | $0 |

### A.    Plaintiff requests above-market and unjustified rates.

In the Eleventh Circuit, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). The "applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," a responsibility that requires "more than the affidavit of the attorney performing the work." *Id.* Moreover, the court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. Lastly, "a court should

4

hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000).

Plaintiff's requested hourly rates should be reduced because they are not properly substantiated by reference to other race discrimination fee awards or affidavits of other practitioners, and instead rely almost entirely on a single contested Fair Labor Standards Act ("FLSA") fee award obtained by Mr. Roberts. Indeed, of the three unreported cases cited by Plaintiff in support of Mr. Roberts' requested rates, two were defaults and, accordingly, the rates were not contested. *See Dickson v. United Family Healthcare, Inc.*, No. 1:18-cv-3448-LMM, 2020 WL 4932284 (N.D. Ga. July 14, 2020), *vacated on other grounds by Dickson v. United Fam. Med. Ctr., Inc.*, 860 F. App'x 705, 706 (11th Cir. 2021); *Fountain v. Chime Sols., Inc.*, 1:22-cv-03762-MHC, Doc. 40 at 2 (N.D. Ga. Nov. 21, 2023), attached hereto as **Exhibit 1**. Only *Jones v. Marietta Nondestructive Testing, LLC*, No. 1:18-cv-05384-LMM, 2020 WL 13588241 (N.D. Ga. May 5, 2020)—an FLSA case—constitutes a contested hourly fee award of $400 for Mr. Roberts.

Tellingly, the only additional data that Mr. Roberts cites are his rate for hourly paying clients and an award of $500 per hour in a distinguishable, unreported case: *Brochin v. Sunshine Ret. Living, LLC*, No. 1:18-CV-4301-WMR, 2020 WL 10058122 (N.D. Ga. Sept. 28, 2020). *See* Declaration of V. Severin Roberts ("Roberts Dec."), Doc. 182-10, at 2–3, ¶¶ 2, 3. The *Brochin* award was made to a

prevailing *defendant* whose attorney actually billed, and was paid, a $500 hourly rate in that specific lawsuit. *Brochin*, 2020 WL 10058122 at *3. Thus, given the lack of any meaningful support for Plaintiff's proposed hourly rate for Mr. Roberts, Defendant submits that a $350 hourly rate for Mr. Roberts, an attorney of nearly 15 years' experience, is reasonable.

Like Mr. Roberts, Ms. Farahany supports her requested hourly rate—$550— only by her own declaration, and refers to no *other* employment discrimination fee awards. *See* Declaration of Amanda A. Farahany, Doc. 186-1. She does not submit affidavits of other relevant similarly situated employment law practitioners and, *without any support or citation*, claims that she regularly faces off with various "big law" attorneys who charge *at least* her hourly rate requested herein. *Id.* ¶ 15. Lastly, without referring to any hourly rates, Ms. Farahany's affidavit asserts that she advises professionals and executives with respect to "negotiations related to their employment situation" as opposed to representing them in *litigation*. *Id.* ¶ 13. Given Ms. Farahany's 25-year tenure as an attorney, *id.* ¶ 2, Defendant submits that an hourly rate of $450 is reasonable for Ms. Farahany.

Plaintiff also requests identical hourly rates of $275 for all associate attorneys who worked on the case, each of whom had differing levels of experience. Their Georgia Bar admission dates stated on the Georgia State Bar website are as follows: Mr. Reid (May 31, 2023); Mr. Rollins (October 31, 2019); Ms. Gavrilidis (January

6, 2021); and Mr. Panter (January 13, 2021). *See* composite **Exhibit 2-A** to Declaration of Nicholas R. Boyd, attached hereto as **Exhibit 2** ("Boyd Dec."). Mr. Rollins' affidavit is intended to support the rate of former Barrett & Farahany associates Ms. Gavrilidis and Mr. Panter. Apparently, according to the Barrett & Farahany website, Mr. Rollins himself is no longer practicing at the firm. *See* Barrett & Farahany, "Our Team," https://www.justiceatwork.com/our-team/ (accessed January 11, 2024).

Plaintiff's requested associate rates are unreasonably high. Mr. Reid's hours were logged in the first few months of his licensed practice. Mr. Panter's billings fall in the first and early second year of his licensed practice. Ms. Gavrilidis's recorded hours were worked in the second year of her licensed practice. Finally, Mr. Rollins' recorded time in the case was in the fourth year of his licensed practice. The only arguable support submitted for the requested rate of $275 for the associate attorneys is self-serving and ineffective to support the hourly rate claimed. *Norman*, 836 F.2d at 1299. The unreported cases cited in support of this rate, once again, are all uncontested FLSA default judgment awards.[1] Considering the foregoing,

---

[1] *See Fountain*, **Ex. 1**; *Odor v. US Glass LLC,* No. 1:22-cv-2054, Doc. 23 at 13 (N.D. Ga. October 12, 2023), attached as **Exhibit 3**; *O'Neal v. Arc Hospitality Group, LLC*, No. 1:22-cv-02124, Doc. 23 at 17–18 (N.D. Ga. July 28, 2023), attached as **Exhibit 4**.

Defendant submits that a $175 hourly rate should be awarded for Mr. Reid, Mr. Panter and Ms. Gavrilidis, and $200 hourly rate for Mr. Rollins.

The requested *paralegal* and *legal assistant* hourly rates are similarly not differentiated by experience. Plaintiff seeks the same hourly rate of $150 for all of these timekeepers, without reference to education, certifications, training or career experience for any of them. Notably, no hourly rate distinction is even made between legal assistants and paralegals. In support, Plaintiff cites to the unreported FLSA fee awards in *Fountain* and *Johnson v. Floyd County*, No. 4:18-cv-00127-HLM (N.D. Ga. 2018). Once again, these are *uncontested* awards. As already discussed, *Fountain* was a default judgment, *see* **Ex. 1**, and the paralegal rate in *Johnson* was agreed to by the parties as part of a settlement agreement, *see Johnson*, No. 4:18-cv-00127-HLM, Doc. 19–21 (N.D. Ga. Oct. 19–22, 2018), attached hereto as composite **Exhibit 5**.

Given the lack of any competent support for the $150 hourly rate requested, Defendant submits that a $100 hourly rate should be applied to Plaintiff's *paralegal*s. The fees requested for Plaintiff's legal *assistants* (JP Consunji and Josh Cruz) should be denied in total, inasmuch as their role as paraprofessionals is suspect. Further, their time entries are clearly for performing the firm's clerical office tasks, which should be absorbed as overhead by the billings of qualified timekeepers: "[C]osts associated with clerical tasks are considered overhead

expenses and are not compensable in the attorneys' fee award." *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1321 (M.D. Fla. 2003).

**B.    The *Johnson* factors do not support Plaintiff's requested rates.**

In an apparent attempt to further support his requested hourly rates, Plaintiff relies on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d. 714 (5th Cir. 1971). This reliance is misplaced. Plaintiff admits that the "lodestar" method "effectively replaced" the *Johnson* balancing factors and that the lodestar amount enjoys "a strong presumption that the lodestar reflects a reasonable sum the attorneys deserve." Memorandum of Law in Support of Motion for Attorneys' Fees ("Mem."), Doc. 182-1, at 5; *see also, e.g.*, *Bivins*, 548 F.3d at 1350; *Webster Greenthumb Co. v. Fulton Cnty.*, 112 F. Supp. 2d. 1339, 1349 (N.D. Ga. 2000). This is accurate; "the [Supreme] Court has explained that 'most, if not all,' of the *Johnson* factors are subsumed in the lodestar. … As a result, the *Johnson* factors are largely redundant." *In re Home Depot Inc.*, 931 F.3d 1065, 1082–84 (11th Cir. 2019) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)).

Plaintiff's contention that the *Johnson* factors still have relevance even after the subsequent establishment of the lodestar method is thus flawed. Regardless,

Plaintiff's perfunctory analysis, which does little more than recite the *Johnson* factors, does not disturb the "strong presumption" in favor of the lodestar amount.

The factor predominantly relied on by Plaintiff is the undesirability of civil rights cases and the related stigma of being labeled a "civil rights lawyer"—a position that Plaintiff fails to support with cases from within the last quarter-century. Plaintiff's counsel's own website, proudly labeled *www.justiceatwork.com*, belies any notion of a stigma.   Likewise, the statistics for this District from the Administrative Office of the U.S. Courts (Table C-3), **Exhibit 2-B** to Boyd Dec., indicate that nearly 20% of private actions (1058 of 5738) are non-prisoner civil rights lawsuits as of the end of the 2023 fiscal year, demonstrating that there is no dearth of attorneys willing to bring employment discrimination claims.

Plaintiff's recitation of the other *Johnson* factors also does nothing to justify above-market fees because those factors are largely "subsumed" in the lodestar calculation and considering them outside of that calculation would be impermissible "double-counting." *Home Depot*, 931 F.3d at 1083. For example, "the novelty and complexity of the issues are reflected in the number of hours spent on the case," and "the skill and experience of the attorneys will be reflected in the hourly rate." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)); *see also Blum*, 465 U.S. at 900 (*Johnson*'s "results obtained" factor is subsumed in lodestar calculation). Similarly, Plaintiff's conclusory statements that this case involved "both novel and difficult

10

legal questions" and "the results obtained are exceptional," Mem., Doc. 182-1 at 9, 10, stand in stark contrast to the position taken by Plaintiff in his Response to Defendant's Consolidated Post-Trial Motions that Plaintiff's case was supported by "exhaustive" and "overwhelming" evidence. Doc. 191 at 1.

Accordingly, for all of these reasons, Defendant submits that Plaintiff's requested hourly rates should be reduced, as reflected in the table on page 4 of this Response.

## III.    Many of Plaintiff's time entries should be cut or reduced.

Plaintiff also bears the burden of establishing entitlement to an award by documenting the appropriate hours expended. *Hensley,* 461 U.S. at 437. Hours expended must be reasonable. *Id*. at 433–34. "Fee applicants must exercise … 'billing judgment'"—that is, they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours]." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (alteration in original) (quoting *Hensley*, 461 U.S. at 428). Where "'applicants do not exercise billing judgment, courts are obligated to ... cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley*, 461 U.S. at 434). Here, Plaintiff *claims* to have exercised billing judgment but does not specify *any* removal or reductions of recorded time.

Defendant submits that the hours submitted by Plaintiff be cut or reduced as detailed below.

**A.      Entries related to summary judgment that are allocated to the wrong case or excessive and unnecessary**

Several of Mr. Roberts' substantial time entries are, by all appearances, erroneously allocated to this matter. First, Mr. Roberts' entry for September 6, 2022 indicates "MSJ Response prep," recording 7.5 hours Doc. 182-2 at 12. However, there was no motion for summary judgment filed in this case by either party— strongly suggesting that this entry was intended for another case.  Therefore, all 7.5 hours submitted for this unrelated task should be deducted, resulting in a $2,625 reduction from the claimed fees at $350 per hour.

Second, Mr. Roberts billed 14.6 hours combined on "[r]ead[ing]" and "[r]eview[ing] deposition transcripts" on September 8 and 9, 2022, without any other description, elaboration or stated purpose. Doc. 182-2 at 12. These time entries follow the misplaced "MSJ response prep" entry and do not relate to any reasonably immediate work on this case requiring the review of depositions. Defendant submits that these time entries are allocated to the wrong case as well. Notably, the time entered is vastly disproportionate to the length and volume of the depositions then existing in this matter: five (5) case depositions with an aggregate total of 327 pages. *See* **Exhibit 6** (compiling final pages of each deposition). This translates to almost 2½ minutes per double-spaced page. These entries are either erroneous or grossly

excessive.  <u>Disallowing Mr. Roberts' recorded time results in a 14.6 hour reduction of his time and a $5,110 reduction from his claimed fees at an hourly rate of $350.</u>

### B.      Unnecessary and duplicative entries related to Renee Howard

Mr. Roberts submits 1.8 hours for "research[ing] private investigators" on January 9, 2023, and 4.5 hours for "Investigation to assist in subpoena service on Renee Howard" on January 31, 2023. Doc. 182-2 at 14. These hours are duplicative. Plaintiff's claimed costs include a California private investigator's invoice for $3,500 for the exact same task—locating and serving Ms. Howard. Doc. 182-5. Moreover, by his own cursory description, Mr. Roberts' recorded time is clearly not legal work.  <u>Disallowing Mr. Roberts' recorded time results in a 6.3-hour reduction of his time and a $2,205 reduction from his claimed fees at an hourly rate of $350.</u>

### C.      Excessive Billing for Mediation

Both Mr. Roberts and Ms. Farahany submit excessive fees for an in-person four-hour mediation conducted before the Hon. Lee Parks on December 6, 2022. Mr. Parks' invoice reflects a four-hour mediation session. Doc. 182-3. Mr. Roberts submits 28.4 hours for mediation preparation, research of a discrete issue and drafting a mediation statement in the weeks leading up to the mediation. Doc. 182-2 at 13–14. Ms. Farahany submits 5.5 hours for pre-mediation review and 8 hours on the day of the four-hour mediation session, claiming post-mediation strategy. *Id.* at 14. Given the excessive and entirely disproportionate amount of time spent by

Plaintiff's counsel in preparing for mediation in relation to the actual mediation itself, Defendant submits that Mr. Roberts' time should be reduced by one-half and that Ms. Farahany's time should be reduced by four hours. <u>Disallowing half of Mr. Roberts' recorded time results in a 14.2 hour reduction of his time and a $4,970 reduction from his claimed fees at an hourly rate of $350. Disallowing four hours of Ms. Farahany's recorded time results in a $1,800 reduction from his claimed fees at an hourly rate of $450.</u>

### D.   Excessive and unnecessary billings at trial

Plaintiff elected to have four attorneys at trial and seeks recovery for all *137.6* hours allegedly spent between them on the trial. The trial dates were October 16–19, 2023. Except for Mr. Reid's "reading in" of the deposition of Dimerco USA President Herbert Liou, Mr. Reid and Mr. Rollins did not participate in the presentation of any evidence or argument; as Plaintiff admits, "two (2) skilled attorneys presented this case." Mem., Doc. 182-1 at 9. Defendant was likewise represented by two attorneys at trial.

Plaintiff's additional counsel at trial were a luxury for his trial team and perhaps a generous (and increasingly rare) training opportunity for the associates. Except for Plaintiff, Ms. Song and Mr. Tsai, testimony was presented by designated read-in (Mr. Liou) or videotaped deposition excerpts (Ms. Howard and Ms. Chou).

Defendant submits that it should not be shouldered with the fees associated with training Plaintiff's counsel's associates.

Mr. Reid billed a total of 40.6 hours over the four days of trial covering "trial and meetings." Doc. 182-2 at 26–27. Although Mr. Reid participated in the "read in" of the deposition testimony of Mr. Liou (with Mr. Roberts), this was not a task requiring the participation of a licensed attorney on the stand. In any event, Mr. Reid recorded time on October 15, 2023 (1.8 hours) rehearsing Mr. Liou's testimony presentation. Mr. Reid's remaining time entries do not establish that he was performing compensable legal work that was necessary and not duplicative of Mr. Roberts' and Ms. Farahany's efforts; Mr. Reid's "meetings" bear no description allowing for determination of whether they were compensable legal work. Disallowing Mr. Reid's fees during the trial results in a 40.6 hour deduction of his time and a $7,105 reduction from the claimed fees at an hourly rate of $175.

Mr. Rollins billed a total of 37 hours over the four days of trial covering "Trial Day [1 – 4] and Associated Work after Trial." *Id*. Mr. Rollins' work after trial bears no description allowing for consideration separate from trial time. As with Mr. Reid, Plaintiff has not established that Mr. Rollins was performing compensable legal work that was not duplicative of Ms. Farahany's and Mr. Roberts' efforts. Disallowing Mr. Rollins' fees during the trial results in a 37 hour deduction of his time and a $7,400 reduction from the claimed fees at an hourly rate of $200.

Ms. Farahany billed 14 hours on October 18, 2023, the third day of trial—when closing arguments were delivered—5.9 hours in excess of Mr. Roberts' 8.1 hour entry. *Id.* at 27. Ms. Farahany admitted that she worked after trial to prepare for making a record for the Eleventh Circuit that, among other things, she was treated differently at trial because she is a female. *See* Tr. (Doc. 170) at 687–758. Given that this issue was case-adjacent at best, the jury was deliberating at the time and any record created was not outcome-determinative, Ms. Farahany's time spent on this issue should be deducted. <u>Disallowing Ms. Farahany's recorded time results in a 5.9 hour reduction in her time and a $2,655 reduction from the claimed fees at an hourly rate of $450.</u>

### E.    Clerical tasks performed by attorneys

Mr. Reid makes an entry that is clerical/manual in nature in the run-up to trial on October 15, 2023: "putting together final version of trial and exhibit binders" for 5.0 hours. *Id.* at 26. This is not legal work, nor were the binders used at trial other than by Plaintiff's counsel. The core inquiry is whether the tasks in question demand the application of "at least some legal skill and discretion." *Hithon v. Tyson Foods, Inc.*, 151 F. Supp. 3d 1252, 1262 (N.D. Ala. 2015).

Mr. Reid's time cannot even be compensated as paralegal work. "[P]aralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses, [but] *only to the extent that the paralegal performs work traditionally done*

16

*by an attorney.*" *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis in original) (quoting *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B)). Compensable tasks include "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). <u>Disallowing Mr. Reid's fees for this task results in a 5-hour deduction of his time and an $875 reduction from the claimed fees at an hourly rate of $175.</u>

Defendant's proposed reductions in hourly rate and time expended set forth above result in the lodestar figure as calculated below:

| Timekeeper: | Submitted Time: | Adjusted Time: | Adjusted Rate: | Result: |
|---|---|---|---|---|
| V. Severin Roberts | 355.6 | 313.0 | $350 | $109,550 |
| Amanda Farahany | 271.1 | 261.2 | $450 | $117,540 |
| Benjamin Rollins | 130.1 | 93.1 | $200 | $18,620 |
| Patrick Reid | 159.6 | 114 | $175 | $19,950 |
| Catherine Gavrilidis | 11.7 | 11.7 | $175 | $2,048 |
| Zack Panter | 16.7 | 16.7 | $175 | $2,923 |
| Diana Howe | 19.1 | 19.1 | $100 | $1,910 |
| Marilyn Schmitt | 6.2 | 6.2 | $100 | $620 |
| Josh Cruz | 4.3 | 0 | $0 | $0 |
| JP Consunji | 77.1 | 0 | $0 | $0 |
| **Total** | | | | **$273,160** |

**IV.    Plaintiff is not entitled to an enhancement to the lodestar figure.**

In addition to seeking above-market hourly rates and excessive, redundant, and otherwise unnecessary hours for several timekeepers, Plaintiff's counsel requests an exorbitant ***50%*** fee enhancement. The case upon which Plaintiff chiefly relies in seeking this enhancement to the lodestar figure conclusively demonstrates that no such enhancement is permissible here. *See* Mem., Doc. 182-1 at 17–18 (citing *Perdue v. Kenny A*, 559 U.S. 542 (2010)). In *Perdue*, the Supreme Court reversed the imposition of a fee enhancement that was based in large part on the perceived quality of performance of Plaintiff's counsel. 559 U.S. at 548–49, 560. Reviewing its precedent, the Court found "six important rules" relevant to the award of an enhancement:

- "First, a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id.* at 552 (quoting *Delaware Valley*, 478 U.S. at 565). A "reasonable" fee is one that is "adequate to attract competent counsel, but that does not produced a windfall to attorneys." *Id.* (quoting *Blum*, 465 U.S. at 897).

- "Second, the lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). This presumption "is a 'strong' one." *Id.* (quoting *Dague*, 505 U.S. at 562).

- Third, enhancements are only to be awarded in "'rare' and 'exceptional' circumstances." *Id.* (quoting *Delaware Valley*, 478 U.S. at 565).

- Fourth, because "the lodestar figure includes most, if not all the relevant factors constituting a 'reasonable' attorney's fee," *id.* at 553 (quoting *Delaware Valley*, 478 U.S. at 566), the "quality of an attorney's performance" and the "novelty and complexity of a case generally may not be used as a ground for enhancement" as these factors are reflected in the rate charged and hours recorded by counsel, *id.* at 553 (quoting *Blum*, 465 U.S. at 898, and *Delaware Valley*, 478 U.S. at 566).

- "Fifth, the burden of proving a fee enhancement is necessary must be borne by the fee applicant." *Id.*

- "Finally, a fee applicant must produce 'specific evidence' that supports the award," *id.*—that is, "evidence that the enhancement was necessary to provide fair and reasonable compensation," *id.* (quoting *Blum*, 465 U.S. at 901).

After holding that the novelty or complexity of the issues or the quality of counsel's performance may not generally be used to support an enhancement, the Supreme Court outlined three categories of "rare" and "exceptional" circumstances in which "superior attorney performance is not adequately taken into account in the lodestar calculation," *id.* at 554: (1) where "the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the

attorney's true market value," which "may occur if the hourly rate is determined by a formula that takes into account only a single factor (such as years since admission to the bar) or perhaps only a few similar factors," *id.* at 554–55; (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted," *id.* at 555; and (3) where there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees," *id.* at 556; *see also Home Depot*, 931 F.3d at 1082–84 (summarizing Supreme Court precedent).

The other cases upon which Plaintiff relies do not justify an enhancement either. *Kenny A v. Perdue*, 532 F.3d 1209 (11th Cir. 2010), is the Court of Appeals case that was overturned by the Supreme Court in *Perdue*. Accordingly, it provides no support for the proposition that an enhancement can be imposed based on an "impressionistic" determination of counsel's superior performance. *Perdue*, 559 U.S. at 558. And *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which stated in dicta that "in some cases of exceptional success an enhanced award may be justified," *id.* at 434, has been clarified by subsequent Supreme Court precedent as set forth above.

Plaintiff woefully fails to carry his burden to establish that an enhancement is justified. Plaintiff simply asserts that he is entitled to an enhancement due to "the quality of service rendered." Mem., Doc. 182-1 at 18. But "the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause

20

considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Perdue*, 559 U.S. at 553 (quoting *Delaware Valley*, 478 U.S. at 566).

Plaintiff does not claim that this case involves a calculation method that would not accurately reflect the market value of his attorneys' services, *see Perdue*, 559 U.S. at 554—to the contrary, Plaintiff represented that he requested rates actually charged by his lead attorneys, *see* Mem., Doc. 182-1 at 12, 14 n.2; Roberts Dec., Doc. 182-10, ¶¶ 3–4; Declaration of A. Farahany, Doc. 186-1, ¶ 13, and proffers no reason why his requested rates for other professionals do not capture the value of their services. Nor does Plaintiff allege an "extraordinary outlay of expenses" or "exceptional delay in the payment of fees." *Perdue*, 559 U.S. at 555, 556.  Put simply, Plaintiff has not carried his burden to demonstrate that this is the "exceptional" or "rare" case where an enhancement of the calculated lodestar fee is required.

Moreover, Plaintiff does not provide the Court with any reasoned basis to arrive at the requested 50% enhancement; Plaintiff baldly states that his counsel's performance was superior and requests an additional 50% on top of his claimed lodestar fees. Mem., Doc. 182-1, at 18. Awarding such an enhancement without a specific calculation to explain why Plaintiff's counsel's allegedly superior performance justified a 50% increase in the claimed lodestar amount would lead to

an impermissible arbitrary enhancement. *See Perdue*, 559 U.S. at 557 (reversing "essentially arbitrary" 75% lodestar enhancement where district court opinion did not reveal any rational connection between the amount of the enhancement and the justifications provided). Because Plaintiff provides no legally cognizable rationale for why an enhancement of 50% rather than, say, 10%, or zero, is justified, he has failed to carry his burden and thus no enhancement should be permitted.

## CONCLUSION

For the reasons set forth herein, this Court should award Plaintiff no more than $273,160 in attorneys' fees.

Respectfully submitted, this the 12th day of January, 2024.

*Signature on Next Page*

**GORDON REES SCULLY
MANSUKHANI, LLP**

Chad A. Shultz
Georgia Bar No. 644440
55 Ivan Allen Jr. Blvd., NW, Suite 750
Atlanta, Georgia 30308
(404) 978-7325
cshultz@grsm.com

Steven M. Stastny
*Admitted Pro Hac Vice\**
201 St. Charles Avenue
New Orleans, LA 7017
(504) 799-0280
sstastny@grsm.com

**OLSEN & BRUEGGEMANN, PC**

David G. Jones
*Admitted Pro Hac Vice*
1600 Rosecrans Avenue
Media Center, 4th Floor
Manhattan Beach, CA 90266
(310) 321-7807
dgj@oblawapc.com

**HOLLAND & KNIGHT LLP**

*/s/ Nicholas R. Boyd*

Cynthia G. Burnside
Georgia Bar No. 097107
Nicholas R. Boyd
Georgia Bar No. 849842
1180 Peachtree Street, N.W., Ste. 1800
Atlanta, GA 30309
T: (404) 817-8500
F: (404) 881-0470
cynthia.burnside@hklaw.com
nicholas.boyd@hklaw.com

Ilene Pabian (*pro hac vice pending*)
Florida Bar No. 62499
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
T: (305) 374-8500
F: (305) 789-7799
ilene.pabian@hklaw.com

*Attorneys for Defendant Dimerco Express (USA) Corp.*

**CERTIFICATE OF COMPLIANCE**
**WITH LOCAL RULES 5.1(C) AND 7.1(D)**

Pursuant to Local Rule 7.1(D), I certify that this document has been prepared

with 14-point Times New Roman font, approved by the Court in Local Rule 5.1(C).

_s/ Nicholas R. Boyd_
Nicholas R. Boyd

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this, the 12th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to parties of record via electronic mail.

*/s/ Nicholas R. Boyd*